# **EXHIBIT 5**

George D. Jonson (0027124) / G. Todd Hoffpauir (0064449)
Trial Attorneys for Defendants/Third Party Plaintiffs
The Fairchild Corporation and RHI Holdings, Inc.

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILACRON, INC. | : | Case No. A0404162 |
| and | : | Judge Martin |
| MILACRON ASSURANCE LTD. | : | |
| Plaintiffs | : | **SECOND AMENDED THIRD PARTY COMPLAINT** |
| vs. | : | |
| THE FAIRCHILD CORPORATION | : | |
| and | : | |
| RHI HOLDINGS, INC. | : | |
| Defendants/Third Party Plaintiffs | : | |
| vs. | : | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | : | |
| and | : | |
| ROYAL & SUNALLIANCE USA, Royal Insurance Company of America | : | |
| and | : | |
| THE HARTFORD FIRE INSURANCE COMPANY | : | |

FILED

2001 SEP 27 P 4: 18

and                                          :

                                             :

WESTCHESTER FIRE INSURANCE
COMPANY                                      :
Six Concourse Parkway, Suite 2700
Atlanta, Georgia 30328                       :

SERVE REGISTERED AGENT:                      :

        Mark G. Irwin                        :
        500 Colonial Center Parkway #200
        Roswell, Georgia 30076               :

and                                          :

INDUSTRIAL INDEMNITY COMPANY                 :
255 California Street
San Francisco, California 94111              :
c/o WESTCHESTER FIRE INSURANCE
COMPANY                                      :
Six Concourse Parkway, Suite 2700
Atlanta, Georgia 30328                       :

SERVE REGISTERED AGENT:                      :

        Mark G. Irwin                        :
        500 Colonial Center Parkway #200
        Roswell, Georgia 30076               :

and                                          :

TIG INSURANCE COMPANY                        :
250 Commercial Street, Suite 500
Manchester, New Hampshire 03101              :

SERVE STATUTORY AGENT:                       :

        CT CORPORATION SYSTEM                :
        818 West Seventh Street
        Los Angeles, California 90017        :

and                                          :

ACE LIMITED                                    :
ACE Global Headquarters
17 Woodbourne Avenue                           :
Hamilton HM08
Bermuda                                        :

       Third Party Defendants        :

       Come now defendants/third party plaintiffs The Fairchild Corporation and RHI Holdings, Inc.

and, for their Second Amended Third Party Complaint against National Union Fire Insurance

Company of Pittsburgh, PA, Royal & SunAlliance USA, The Hartford Fire Insurance Company,

Westchester Fire Insurance Company, Industrial Indemnity Company, TIG Insurance Company, and

ACE Limited, state as follows:

<u>The Parties</u>

       1.     Plaintiff Milacron, Inc. ("Milacron") is a Delaware corporation, with its principal

place of business in Cincinnati, Ohio. Milacron was formerly Cincinnati Milacron, Inc. Cincinnati

Milacron became Milacron, Inc. in 1998.

       2.     Plaintiff Milacron Assurance Ltd. is a Bermuda corporation, with its principal place

of business in Bermuda.

       3.     Defendant/third party plaintiff The Fairchild Corporation ("Fairchild") is a Delaware

corporation, with its principal place of business in McLean, Virginia.

       4.     Defendant/third party plaintiff RHI Holdings, Inc. ("RHI") is a Delaware corporation,

with its principal place of business in McLean, Virginia. Fairchild is the parent of RHI.

       5.     Third party defendant National Union Fire Insurance Company of Pittsburgh, Pa.

("National Union"), a subsidiary of AIG, is a Pennsylvania corporation, with its principal place of

business in New York, New York, which does business in the State of Ohio.

6.    Third party defendant Royal & SunAlliance USA, part of Royal Insurance Company of America ("Royal & SunAlliance"), is a Delaware corporation, with a principal place of business in Charlotte, North Carolina, which does business in the State of Ohio.

7.    Third party defendant The Hartford Fire Insurance Company ("Hartford") is a Connecticut corporation, with a principal place of business in Hartford, Connecticut, which does business in the State of Ohio.

8.    Third party defendant Westchester Fire Insurance Company ("Westchester") is a foreign corporation, with a principal place of business in Philadelphia, Pennsylvania, which, at all times pertinent hereto, did business in the State of Ohio.

9.    Third party defendant Industrial Indemnity Company ("Industrial") is a foreign corporation with a principal place of business in San Francisco, California, which, at all times pertinent hereto, did business in the State of Ohio.

10.    Third party defendant TIG Insurance Company ("TIG") is a California corporation, with a principal place of business in Manchester, New Hampshire, which does business in the State of Ohio.

11.    Third party defendant ACE Limited ("ACE") is a Bermuda corporation, with a principal place of business in Bermuda, which does business in Ohio.

<u>Jurisdiction and Venue</u>

12.    Personal jurisdiction and venue are proper because third party defendants do business in Hamilton County, Ohio, and have all issued insurance policies to Fairchild and RHI that provide coverage for Milacron's claims against Fairchild and RHI.

Background

13.    On January 23, 1996, Milacron entered into an "Asset Purchase Agreement" with

Fairchild and RHI, whereby Milacron purchased, and Fairchild and RHI sold, the business and

substantially all assets related to RHI's D-M-E Business ("acquired assets"). D-M-E Business means

the manufacture, sale, and distribution of mold bases, mold components, moldmaking tools and

supplies, polishing equipment, electronic temperature and pressure control equipment, runnerless

molding systems, and process controls and Computer Aided Design and Computer Aided

Manufacturing ("CAD/CAM") hardware and software for the plastics industry. Certain relevant

parts of the "Asset Purchase Agreement" are attached to Milacron's Complaint as Exhibit A.

14.    On or after January 23, 1996, Milacron operated the D-M-E Business either as a

division of Milacron or as a separately incorporated subsidiary of Milacron, under the name D-M-E

Company ("D-M-E"). D-M-E is not an affiliate of, and is not owned directly or indirectly by,

Fairchild or RHI.

15.    On January 10, 2002, 14 plaintiffs instituted 14 separate actions against D-M-E in the

United States District Court for the Eastern District of Missouri, Eastern Division ("St. Louis

actions"). All 14 plaintiffs were represented by the same lawyer, Burton Newman, Esquire, Lacks &

Newman, St. Louis, Missouri.

16.    Plaintiffs in the St. Louis actions were John Bernosky, Kenneth Bond, Tony Bradley,

Keith Davis, Brian Kelley, Steven Kelley, Andrea Lazzareschi, Rob Nasello, Calvin Oyan, Shane

Picker, Derrick Pickles, Anna Polach, Bradley Schlater and Dale Schlater.

17.    Plaintiff John Bernosky alleged as follows:

    2.    Defendant, D-M-E Company, a corporation duly organized
and existing under the laws of the State of Michigan, is and
was, at all relevant times, transacting business in the State of

- 5 -

Missouri. D-M-E Company is a Division of Milacron, Inc., an Ohio corporation transacting business in the State of Missouri.

\* \* \*

8.    At all times stated herein, defendant was engaged in the business of designing, manufacturing, selling and distributing air-driven hand tools known as profilers, used in molding and manufacturing operations.

9.    Said profilers were sold by defendant to various corporations within the Eastern District of Missouri.

10.    Plaintiff was in the employ of one such manufacturer in the Eastern District of Missouri as a mold polisher who utilized D-M-E profilers as part of his employment.

11.    In the course of said employment, plaintiff suffered severe injury and damages to his fingers, hands, wrists and forearms, thereby causing plaintiff to suffer damages as more fully described below.

12.    At the time of his injuries, plaintiff was operating said profilers in a reasonably anticipated use or in a manner reasonably anticipated.

\* \* \*

14.    The profilers used by plaintiff, and each of them, were in a defective condition and were unreasonably dangerous upon leaving the possession or control of defendant and placed in the hands of plaintiff's employer for use by plaintiff in that:

(a)    Said D-M-E profilers caused vibration levels in excess ISO standards; and

(b)    Defendant failed to warn of physical harm from exposure to excessive vibration caused by these profilers during reasonably anticipated use; and

(c)    Defendant failed to warn that periodic evaluation of users, such as plaintiff, could disclose early signs and symptoms of the types of injuries exhibited by

plaintiff in time thereafter to avoid the permanent injuries sustained by plaintiff; and

(d)    Defendant failed to provide a neoprene or similar handle to dampen and lessen the effects of excessive vibration of said profilers; and

(e)    Defendant failed to provide or recommend the use of gloves or other effective hand coverings to lessen the effects of excessive vibration of said profilers."

18.    The 14 plaintiffs in the St. Louis actions were employed by several different employers in Missouri.

19.    On March 11, 2002, without participation, knowledge or consent of Fairchild or RHI, D-M-E filed answers to the 14 complaints in the St. Louis actions. D-M-E was represented by Sandberg, Phoenix & von Gontard, PC, One City Centre, 15th Floor, St. Louis, Missouri.

20.    Neither D-M-E nor Milacron notified Fairchild or RHI of the St. Louis actions when filed or answered. Neither Milacron nor D-M-E's St. Louis counsel consulted or communicated with any representative of Fairchild or RHI in preparing D-M-E's answers to the complaints in the St. Louis actions. Milacron did not send Fairchild or RHI copies of the complaints until February 2004; and, neither D-M-E nor Milacron ever sent Fairchild or RHI copies of D-M-E's answers to the complaints.

21.    On May 14, 2002, without participation, knowledge or consent of Fairchild or RHI, the 14 St. Louis actions were consolidated under the caption John Bernosky v. D-M-E Company, No. 02-cv-37, solely for the purpose of determining liability.

22.    On July 23, 2002, plaintiffs in the St. Louis actions filed their amended complaints to add Karl Fink GmbH as a defendant.

23.    On August 5, 2002, without participation, knowledge or consent of Fairchild or RHI, D-M-E answered the St. Louis plaintiffs' amended complaints.

24.    Neither D-M-E nor Milacron notified Fairchild or RHI of the filing of amended complaint or of D-M-E's answer thereto. Neither Milacron nor D-M-E's St. Louis counsel consulted or communicated with any representative of Fairchild or RHI in preparing D-M-E's answers to the amended complaints. Neither D-M-E nor Milacron ever sent Fairchild or RHI copies of the amended complaints or the answers thereto.

25.    On September 26, 2003, the court granted Karl Fink's motion to dismiss for lack of personal jurisdiction.

26.    On January 29, 2004, corporate counsel for Milacron wrote to Fairchild and RHI to provide "notice of a claim for indemnification" pursuant to the Asset Purchase Agreement. Milacron advised that an initial mediation session was scheduled on February 16, 2004. A copy of that letter is attached to Milacron's Complaint as Exhibit B.

27.    The January 29, 2004, letter was the first notice of the St. Louis actions given by Milacron or D-M-E to Fairchild and RHI.

28.    On February 2, 2004, Milacron sent Fairchild and RHI copies of the 14 complaints in the St. Louis actions.

29.    On February 4, 2004, Fairchild and RHI asked Milacron to send Fairchild and RHI documents pertaining to the St. Louis actions, in particular, discovery, and deposition materials. Fairchild and RHI were told by Milacron that very little discovery had taken place.

30.    On February 6, 2004, Fairchild and RHI gave notice of the St. Louis actions to all insurance carriers and third-party claims administrators who provided general liability coverage to Fairchild, RHI, and related entities, including third party defendants herein.

- 8 -

31.    On February 11, 2004, General Counsel for Fairchild and RHI wrote to Corporate Counsel at Milacron to respond to Milacron's demand for indemnification.

> This letter will serve as confirmation of receipt of your January 29, 2004 claim for indemnity under the Asset Purchase Agreement dated as of January 23, 1996 between Cincinnati Milacron Inc., The Fairchild Corporation, and RHI Holdings, Inc. (the "Purchase Agreement"). You have told us that the exposure period involved spans from 1986 to the present. *To the extent that evidence exists to substantiate that plaintiffs' losses, if any, are attributable to products manufactured or shipped during the pre-closing period, Fairchild will indemnify Milacron Inc. in accordance with the terms of the Purchase Agreement, subject to any prejudice caused by Milacron's late notice of these claims* [emphasis added].
>
> We have submitted copies of the fourteen complaints you provided to our various insurance carriers that issued policies during the relevant exposure period. Given the breadth of the alleged exposure period, and the fact that at least three separate insurance carriers may be involved, we expect that the insurance carriers will need a minimum of ninety days to evaluate the claims, make a determination of benefits, and engage counsel on Fairchild's behalf, to the extent that the carriers determine separate representation is necessary. Consequently, our carriers' third-party claim administrators recommend that you reschedule the February 16, 2004 mediation conference so that all interested parties may have the opportunity to participate.

(February 11, 2004, letter from Donald Miller to Walter Samuel Wood, a copy of which is attached as Exhibit 1 to Fairchild's original Third Party Complaint.)

32.    By order entered February 17, 2004, the district court in the St. Louis actions directed the parties to submit to mediation; scheduled mediation for April 13, 2004; and scheduled, if mediation were not successful, a <u>Daubert</u> hearing for May 6, 2004, and trial to begin June 1, 2004.

33.    On April 12, 2004, Fairchild and RHI called Milacron to confirm that the April 13, 2004, settlement conference was going forward as scheduled, and to advise that it did not appear that Fairchild and RHI's insurance carriers would be sending counsel to the settlement conference.

Fairchild and RHI advised Milacron that it could not participate in settlement without instruction from its carriers and without any information about the St. Louis actions, including,which products were involved, the nature of injuries to the 14 plaintiffs, and whether there are possible offsets through workers compensation or other payments.

34.    A first set of mediations was held April 13 - 16, 2004, and D-M-E settled with seven plaintiffs without participation, knowledge or consent of Fairchild or RHI. On May 18, 2004, the district court entered seven stipulations of dismissal. On May 19, 2004, the district court entered seven orders dismissing, with prejudice, the seven actions of the settling plaintiffs. Settling plaintiffs were Kenneth Bond, Steven Kelley, Rob Nasello, Calvin Oyan, Shane Picker, Derrick Pickles, and Anna Polach.

35.    On May 24, 2004, Milacron instituted the instant action against Fairchild and RHI.

36.    In the instant lawsuit, Milacron alleges four causes of action arising from the Asset Purchase Agreement, the St. Louis actions and the D-M-E Profilers designed, manufactured or sold before January 23, 1996: breach of contract; indemnification; contribution; and declaratory judgment. Milacron demands: compensatory damages; a declaration that plaintiffs are required to defend and indemnify Milacron in accordance with the Asset Purchase Agreement; and costs of litigating both the St. Louis actions and the instant action, including attorneys fees.

37.    In the St. Louis actions, a second set of mediations was held June 18 - 19, 2004, and D-M-E settled with five more plaintiffs without participation, knowledge or consent of Fairchild or RHI. A third mediation was held in August 2004, and D-M-E settled with the final two plaintiffs, Bradley Schlater and Dale Schlater. The district court entered orders dismissing, with prejudice, the claims settled at the second and third mediations.

## COUNT ONE
## Declaratory Judgment Against National Union

38.    Fairchild and RHI purchased from AIG subsidiary National Union the following

policies and periods:

 (a) National Union, commercial general liability policy no. GLA
  197-77-90, 1/1/86 to 1/1/89.

 (b) National Union, commercial general liability policy no. GLA
  459-61-19, 1/1/89 to 1/1/90.

 (c) National Union, commercial general liability policy no. RM
  GL 460-03-61, 1/1/90 to 7/1/91.

 (d) National Union, commercial general liability policy no. RM
  GL 325-28-51, 7/1/91 to 7/1/92.

 (e) National Union, commercial general liability policy no. RM
  GL 326-48-72, renewal of no. 325-28-51, 7/1/92 to 7/1/93.

 (f) National Union, commercial general liability policy no. RM
  GL 175-93-81, renewal of no. 326-48-72, 7/1/93 to 7/1/94.

 (g) National Union, commercial general liability policy no. RM
  GL 319-82-53, renewal of no. 175-93-81, 7/1/94 to 7/1/95.

 (h) National Union, commercial general liability policy no. RM
  GL 121-25-29, renewal of no. 319-82-53, 7/1/95 to 7/1/96,
  extended through 10/1/96.

 (i) National Union, commercial general liability policy no. RM
  GL 143-79-13, renewal of no. 121-25-29, 10/1/96 to 10/1/97.

 (j) National Union, commercial general liability policy no. RM
  GL 143-96-18, renewal of no. 143-79-13, 10/1/97 to 10/1/98.

 (k) National Union, commercial general liability policy no. RM
  GL 612-23-30, renewal of no. 143-96-18, 10/1/98 to
  11/15/99.

(These policies are too voluminous to be easily affixed hereto, and third party defendant National

Union is in possession of copies of these policies.)

39.    These policies (a) through (k) above covered Fairchild, RHI, and their affiliates for damages for bodily injuries arising out of products of insureds, including costs of defense, settlements, and judgments.

40.    RHI, including its D-M-E Division, was an insured under the above National Union policies.

41.    On February 5, 2004, Fairchild and RHI, through Crawford & Company, gave notice of the St. Louis actions to National Union.

42.    Fairchild and RHI had valid and enforceable insurance contracts with National Union, obligating it to defend and to cover losses arising from the St. Louis actions, including costs of defense, settlement, and judgment.

43.    National Union has failed to indemnify Fairchild, RHI, Milacron or D-M-E, via the Asset Purchase Agreement, for such losses, in breach of its obligations under the policies set forth above.

44.    Fairchild and RHI ask the Court to declare that National Union has obligations to defend and indemnify Fairchild, RHI, Milacron or D-M-E, in accordance with the policies identified in paragraphs 46 (a) through (k) above, and to award damages in favor of Fairchild and RHI, and against National Union.

45.    Additionally, as Milacron's Complaint herein asserts claims for indemnity and contribution arising out of the settlement of the products liability claims of the St. Louis plaintiffs, which claims are covered by National Union's policies, Fairchild and RHI ask the Court to declare that National Union has an obligation to defend and indemnify Fairchild and RHI from and against Milacron's Complaint herein, in accordance with the policies identified in paragraphs 46 (a) through (k) above, and to award damages in favor of Fairchild and RHI and against National Union,

including, but not limited to, their legal fees expended in the defense of this action, and in prosecution of this Second Amended Third Party Complaint.

## COUNT TWO
### Declaratory Judgment Against Royal & SunAlliance

46. Fairchild and RHI purchased from Royal & SunAlliance the following policies and periods:

    (a)    Commercial general liability policy no. PTS 461128, 11/15/99 to 11/15/00.

    (b)    Commercial general liability policy no. PTS 463069, 11/15/00 to 12/15/01.

    (c)    Commercial general liability policy no. KHA 100521, 12/15/01 to 12/30/02.

    (d)    Commercial general liability policy no. K2HA 10185, 12/30/02 to 12/15/03.

(These policies are too voluminous to be easily affixed hereto, and third party defendant Royal & SunAlliance is in possession of copies of these policies.)

47. On February 9, 2004, Fairchild and/or RHI gave notice of the St. Louis actions to Royal & SunAlliance.

48. On February 24, 2004, Royal & SunAlliance acknowledged receiving notice of the St. Louis actions.

49. By letter dated April 29, 2004, "Royal concludes that it does not have any present obligation to Fairchild with respect to these claims" asserted in the St. Louis actions.

50. On June 14, 2004, Royal & SunAlliance denied coverage.

- 13 -

51.    Fairchild and RHI had valid and enforceable insurance contracts with Royal & SunAlliance obligating it to defend and cover losses arising from the St. Louis actions, including costs of defense, settlement, and judgment.

52.    Royal & SunAlliance has failed to indemnify Fairchild, RHI, Milacron or D-M-E, via the Asset Purchase Agreement, for such losses, in breach of its obligations under the policies identified in paragraphs 54 (a) through (d) above.

53.    Fairchild and RHI ask the Court to declare that Royal & SunAlliance has an obligation to defend and indemnify Fairchild, RHI, Milacron or D-M-E, in accordance with the policies identified in paragraphs 54 (a) through (d) above, and to award damages in favor of Fairchild and RHI, and against Royal & SunAlliance.

54.    Additionally, as Milacron's Complaint herein asserts claims for indemnity and contribution arising out of the settlement of the products liability claims of the St. Louis plaintiffs, which claims are covered by Royal & SunAlliance's policies, Fairchild and RHI ask the Court to declare that Royal & SunAlliance has an obligation to defend and indemnity Fairchild and RHI from and against Milacron's Complaint herein, in accordance with policies (a) through (d) above, and to award damages in favor of Fairchild and RHI and against Royal & SunAlliance, including, but not limited to, their legal fees expended in the defense of this action, and in prosecution of this Second Amended Third Party Complaint.

## COUNT THREE
### Declaratory Judgment Against The Hartford Fire Insurance Company

55.    Fairchild and RHI purchased from Hartford general liability insurance policy no. 10 UEN TS1005, for the period 12/15/2003 through 12/15/2004. (This policy is too voluminous

- 14 -

to be easily affixed hereto, and third party defendant Hartford is in possession of a copy of this policy.)

56.    This policy covers its insureds for damages because of bodily injuries arising out of products of its insureds, including costs of defense, settlements, and judgments.

57.    On March 2, 2004, Fairchild and RHI gave notice of the St. Louis actions to Hartford.

58.    On March 23, 2004, Hartford acknowledged receiving notice of the St. Louis actions.

59.    On April 20, 2004, Hartford denied coverage.

60.    Fairchild and RHI have a valid and enforceable insurance contract with Hartford obligating Hartford to defend and cover losses arising out of the St. Louis actions, including costs of defense, settlements, and judgment.

61.    Hartford has failed to indemnify Fairchild, RHI, Milacron or D-M-E, via the Asset Purchase Agreement, for such losses, in breach of its obligation under the policy set forth above.

62.    Fairchild and RHI ask the Court to declare that Hartford has obligations to defend and indemnify Fairchild, RHI, Milacron or D-M-E, in accordance with policy identified above, and to award damages in favor of Fairchild and RHI, and against Hartford.

63.    Additionally, as Milacron's Complaint herein asserts claims for indemnity and contribution arising out of the settlement of the products liability claims of the St. Louis plaintiffs, which claims are covered by Hartford's policy, Fairchild and RHI ask the Court to declare that Hartford has an obligation to defend and indemnity Fairchild and RHI from and against Milacron's Complaint herein, in accordance with the policy identified above, and to award damages in favor of Fairchild and RHI and against Hartford, including, but not limited to, their legal fees expended in the defense of this action, and in prosecution of this Second Amended Third Party Complaint.

## COUNT FOUR
## Declaratory Judgment Against Industrial

64.    Fairchild and RHI purchased from Industrial the following policies and periods:

    (a)    Umbrella liability policy no. JU9107132, 1/1/90 to 7/1/90.

    (b)    Umbrella liability policy no. JU9108125, 7/1/90 to 7/1/91.

    (c)    Umbrella liability policy no. JU9109059, 7/1/91 to 7/1/92.

    (d)    Umbrella liability policy no. JU91123654, 7/1/92 to 7/1/93.

    (e)    Umbrella liability policy no. JU9126075, 7/1/93 to 7/1/94.

(These policies are too voluminous to be easily affixed hereto, and third party defendant Industrial is in possession of copies of these policies.)

65.    The Industrial policies recited in paragraphs 64 (a) through (e) provide the first layer of excess/umbrella coverage above the primary National Union policies covering the same time periods, as set forth herein.

66.    Fairchild and RHI have valid and enforceable umbrella insurance contracts with Industrial to cover losses arising out of the St. Louis actions that exceed the primary insurance coverage provided by National Union, as set forth more fully herein.

67.    Industrial has failed to indemnify Fairchild and RHI for such losses and judgments, in breach of their obligations under the policies set forth above.

68.    Fairchild and RHI ask the Court to declare that Industrial has an obligation to defend and indemnify Fairchild and RHI in accordance with the policies identified above, and to award damages in favor of Fairchild and RHI, and against Industrial.

## COUNT FIVE
### Declaratory Judgment Against Westchester

69.    Fairchild and RHI purchased from Westchester umbrella liability policy no. CUS20030, for the period 7/1/94 to 7/1/95. (This policy is too voluminous to be easily affixed hereto, and third party defendant Westchester is in possession of a copy of this policy.)

70.    The Westchester policy recited in paragraph 69 provided the first layer of excess/umbrella coverage above the primary National Union policy covering the same time period, as set forth herein.

71.    Westchester also assumed Industrial's obligations for some or all of the Industrial umbrella policies set forth in paragraph 64 (a) through (e), above.

72.    Fairchild and RHI have valid and enforceable umbrella insurance contracts with Westchester to cover losses arising out of the St. Louis actions that exceed the primary insurance coverage provided by National Union, as set forth more fully herein.

73.    Westchester has failed to indemnify Fairchild and RHI for such losses and judgments, in breach of its obligations under the policies set forth above.

74.    Fairchild and RHI ask the Court to declare that Westchester has an obligation to defend and indemnify Fairchild and RHI in accordance with the policies identified above, and to award damages in favor of Fairchild and RHI, and against Westchester.

## COUNT SIX
### Declaratory Judgment Against ACE

75.    Upon information and belief, ACE, or one of its wholly-owned subsidiaries not recited herein and unknown to Fairchild, assumed Industrial's obligations for some or all of the Industrial umbrella policies set forth in paragraph 64 (a) through (e), above, and assumed Westchester's obligations for the Westchester policy set forth in paragraph 69, above.

- 17 -

76.     Fairchild and RHI have valid and enforceable umbrella insurance contracts with ACE, or one of ACE's wholly owned subsidiaries for which ACE is responsible, to cover losses arising out of the St. Louis actions that exceed the primary insurance coverage provided by National Union, as set forth more fully herein.

77.     ACE has failed to indemnify Fairchild and RHI for such losses and judgments, in breach of its obligations under the policies set forth above.

78.     Fairchild and RHI ask the Court to declare that ACE has an obligation to defend and indemnify Fairchild and RHI in accordance with the policies identified above, and to award damages in favor of Fairchild and RHI, and against ACE.

**COUNT SEVEN**
**Declaratory Judgment Against TIG**

79.     Fairchild and RHI purchased from TIG umbrella liability policy no. TIG XLB9151959, for the period 7/1/95 to 10/1/96. (This policy is too voluminous to be easily affixed hereto, and third party defendant TIG is in possession of a copy of this policy.)

80.     The TIG policy recited in paragraph 76 provided a layer of excess/umbrella coverage above the primary National Union policies covering the same time period, as set forth herein.

81.     Fairchild and RHI have a valid and enforceable umbrella insurance contract with TIG to cover losses arising out of the St. Louis actions that exceed the primary insurance coverage provided by National Union, as set forth more fully herein.

82.     TIG has failed to indemnify Fairchild and RHI for such losses and judgments, in breach of its obligations under the policy set forth above.

83.    Fairchild and RHI ask the Court to declare that TIG has obligations to defend and indemnify Fairchild and RHI in accordance with the policy identified above, and to award damages in favor of Fairchild and RHI, and against TIG.

WHEREFORE, defendants/third party plaintiffs The Fairchild Corporation and RHI Holdings, Inc. ask this Court for the following relief:

(1)    To declare that National Union has obligations to defend and indemnify Fairchild, RHI, Milacron or D-M-E in accordance with the policies in paragraph 46 (a) through (l) above, and to award compensatory damages to Fairchild and RHI.

(2)    To declare that Royal & SunAlliance has an obligation to defend and indemnify Fairchild, RHI, Milacron or D-M-E in accordance with the policies in paragraph 54 (a) through (d) above, and to award compensatory damages to Fairchild and RHI.

(3)    To declare that Hartford has an obligation to defend and indemnify Fairchild, RHI, Milacron or D-M-E in accordance with its Policy No. 10 UEH TS1005, and to award compensatory damages to Fairchild and RHI.

(4)    To declare that Industrial and/or Westchester have an obligation to indemnify Fairchild and RHI in accordance with the policies set forth in paragraphs 63 (a) through (e) and 65, above, and to award compensatory damages to Fairchild and RHI.

(5)    To declare that TIG has an obligation to defend and indemnify Fairchild and RHI in accordance with its policy no. TIG XLB9151959, and to award compensatory damages to Fairchild and RHI.

(6)    To declare that ACE has an obligation to defend and indemnity Fairchild and RHI in accordance with the policies set forth in paragraph 63 (a) through (e) and 65, above, and to award compensatory damages to Fairchild and RHI.

Defendants/third party plaintiffs The Fairchild Corporation and RHI Holdings, Inc. further request that this Court award such other relief as the Court may deem appropriate.

Respectfully submitted,

GEORGE D. JONSON (0027124)
G. TODD HOFFPAUIR (0064449)
MONTGOMERY, RENNIE & JONSON
*Trial Attorneys for Defendants /*
*Third Party Plaintiffs*
36 East Seventh Street, Suite 2100
Cincinnati, Ohio  45202
Tel:    (513) 241-4722
Fax:    (513) 241-8775
gjonson@mrj.cc
thoffpauir@mrj.cc

**TO THE CLERK:**

Please serve third party defendants Westchester Fire Insurance Company, Industrial Indemnity, and TIG Insurance Company, via certified mail, at the address listed for their agents on the face of this Second Amended Third Party Complaint.

G. TODD HOFFPAUIR

## CERTIFICATE OF SERVICE

I served a copy of the foregoing by First-Class U.S. Mail, postage prepaid, upon the following on this 27th day of September 2007:

Christopher M. Bechhold
Robert P. Johnson
Thompson Hine, LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4089
*Counsel for Plaintiff*

Matthew J. Smith
Thomas F. Glassman
Smith, Rolfes & Skavdahl Company, L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202-1119
*Counsel for The Hartford Fire Insurance Company*

Steven G. Janik
Crystal Nicosia
Janik & Dorman, L.L.P.
9200 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147-3521
*Counsel for National Union Fire Insurance Company*

Michael Sanderson
Shumaker, Loop & Kendrick, LLP
North Courthouse Square
1000 Jackson
Toledo, Ohio 43624-1573
*Counsel for Royal Insurance Company of America*

Robert L. Joyce
Sarah J. Edwards
Littleton Joyce Ughetta & Park LLP
39 Broadway, 34th Floor
New York, New York 10006
*Counsel for Royal Insurance Company of America*

G. TODD HOFFPAUIR

150\759\Pleadings\Second Amended Third Party Complaint