Ira Brad Matetsky (IM1881)
GANFER & SHORE, LLP
360 Lexington Avenue, 14th floor
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
imatetsky@ganshore.com

Peter V. Baugher
Timothy C. Samuelson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
(312) 701-9300
(312) 701-9335 (facsimile)
baugher@sw.com
tcsamuelson@sw.com

*Attorneys for Defendant*
*The Fairchild Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIG INSURANCE COMPANY, | Civil Action No. 07 Civ. 8250 (JGK) |
| Plaintiff, | ECF CASE |
| -against- | **DEFENDANT THE FAIRCHILD CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** |
| THE FAIRCHILD CORPORATION and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| Defendants. | |

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

STATEMENT OF FACTS ..............................................................................2

ARGUMENT ..................................................................................................3

I.    The Instant Case Should Be Dismissed Or Stayed Under *Wilton*
Abstention Principles ...........................................................................4

    A.    Only The Milacron Ohio Action Includes All Necessary Claims
and Parties .................................................................................5

    B.    The Need To Avoid Piecemeal Litigation Strongly Favors
Abstention .................................................................................6

    C.    TIG Can Raise Its Coverage Issues As Defenses In The State Court
Coverage Action .......................................................................8

    D.    The Absence Of Federal Law Issues Favors Abstention ...........8

    E.    Ohio Is The More Convenient And Relevant Forum ................9

    F.    Fairchild's Second Amended Third-Party Complaint In The
Milacron Ohio Action Was Filed Contemporaneously With TIG's
Complaint In The Present Action ............................................10

II.    Abstention Is Warranted Under *Colorado River* .................................11

    A.    Neither Court Has Assumed Jurisdiction Of Property ...............12

    B.    The Federal Forum Is Not A Convenient Forum ......................12

    C.    Abstention Is Necessary To Avoid Piecemeal Litigation ..........12

    D.    The Order in Which the Courts Obtained Jurisdiction Is Not
Significant .................................................................................13

    E.    State Law Supplies the Rule of Decision ..................................13

    F.    TIG's Rights Will Be Protected In the Milacron Ohio Action ..14

III.    This Matter Should Be Dismissed Rather Than Stayed ..........................14

CONCLUSION .............................................................................................15

i

174463v3

# TABLE OF AUTHORITIES

## Cases

*American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997) ..... 4, 13-14

*American Motorists Ins. Co. v. Glidden Co.,* 129 F. Supp. 2d 640, 641 (S.D.N.Y. 2001)............. 9

*Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495 (1942) ................................... 4, 5, 6, 7

*Broadview Chem. Corp. v. Loctite Corp.,* 417 F.2d 998, 1001 (2d Cir. 1969) ............................ 11

*Cadle Co. v. Bankers Fed. Sav.* FSB, 929 F. Supp. 636, 639 (E.D.N.Y. 1996) ........................... 8

*Capitol Indem. Corp. v. Haverfield,* 218 F.3d 872, 874-75 (8th Cir. 2000) ............................... 4, 9

*CGI Solutions, LLC v. Sailtime Licensing Group, LLC*, 2005 WL 3097533, *7 (S.D.N.Y. 2005)
................................................................................................................................. 14

*Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976) ........... passim

*Commercial Underwriters Ins. Co. v. Glowmaster Corp.,* 105 F. Supp. 2d 268, 270 (S.D.N.Y.
2000) .................................................................................................................... 5, 9

*Continental Ins. Co. v. Amax, Inc.,* 192 A.D.2d 391, 391 (N.Y. App. Div. 1993) ...................... 10

*Dow Jones & Co. v. Harrods,* Ltd., 237 F. Supp. 2d 394, 443 (S.D.N.Y. 2002), aff'd. 346 F.3d
357 (2d Cir. 2003)............................................................................................... 10, 11

*Employers Ins. of Wausau v. El Paso Tennessee Pipeline Co.,* 1998 WL 790937, at *1-2
(S.D.N.Y. 1998)........................................................................................................ 9

*FDIC v. Four Star Holding Co.,* 178 F.3d 97, 101 (2d Cir. 1999)............................................. 12

*Federal Ins. Co. v. Skopbank,* 1994 WL 115999, *3-4 (S.D.N.Y. 1994)................................ 7, 13

*Federal. Ins. Co. v. Safeskin Corp.,* 1998 WL 832706, at *3-4 (S.D.N.Y. 1998) ........................ 9

*Fireman's Fund Ins. Co. v. Chris-Craft Indus., Inc.*, 932 F. Supp. 618, 621 n. 3 (S.D.N.Y. 1996)
................................................................................................................................. 11

*Fireman's Fund Ins. Co. v. Shuster Films,* 811 F.Supp. 978, 984-5 (S.D.N.Y. 1993)............. 9-10

*Gen. Star Int'l Indem. Ltd. v. Chase Manhattan Bank,* 2002 WL 850012, *4 (S.D.N.Y. 2002),
aff'd, 57 Fed. Appx. 892 (2d Cir. 2003) ........................................................................ 1-2, 3

*General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F. 2d 78, 81 (2d Cir. 1988)....................... passim

174463v3

*Goldentree Asset Mgmt., L.P. v. Longaberger Co.*, 448 F.Supp.2d 589, 593 (S.D.N.Y. 2006).. 12, 13

*Great American Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 585 (S.D.N.Y. 1990) ....14-15

*Hartford Acc. & Indem. Co. v. Hop-On Int'l Corp.,* 568 F. Supp. 1569, 1571 (S.D.N.Y. 1983)... 8

*Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) .............. 13

*Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414-15 (2d Cir. 1986) ........................................................................................................ 12, 13

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 16 (1983) ................ 2, 12

*Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 20, 21-22 (2d Cir. 1997) ........................... 4, 5, 9

*Nat'l Union Fire Ins. Co. v. Warrantech Corp.*, 2001 WL 194903, *3 (S.D.N.Y. 2001).... 6, 9, 14

*Reliance Ins. Co. of Illinois v. Multi-Financial Sec. Corp.*, 1996 WL 61763, *3-4 (S.D.N.Y. 1996) ................................................................................................................ 8

*SEC v. National Secs., Inc.*, 393 U.S. 453, 459 (1969)................................................... 9

*Travelers Indem. Co. v. Philips Electronics North America Corp.,* 2004 WL 193564, *2-3 (S.D.N.Y. 2004)................................................................................ 5, 6, 7, 8

*Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) .................................................. passim

Defendant The Fairchild Corporation ("Fairchild") submits this memorandum of law in support of its motion to dismiss Plaintiff TIG Insurance Company's ("TIG") Complaint for Declaratory Relief or, in the alternative, to stay this insurance coverage action in accordance with the federal abstention principles articulated by the Supreme Court in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) and *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). Abstention is appropriate here in deference to a parallel and more comprehensive insurance coverage action that is pending in the Court of Common Pleas in Hamilton County, Ohio.

In the instant action, TIG seeks a declaration from this Court that it has no obligation to provide coverage to its insured Fairchild under its excess liability insurance policy for certain product liability tort actions filed against Fairchild. The plaintiffs in the underlying tort actions generally sought damages for bodily injury that they allegedly sustained as a result of using profilers distributed by Fairchild and Milacron. As discussed below, the dispute over the interpretation of the TIG policies presents no issue of federal law, involves exclusively issues of state contract law, and should properly be adjudicated in the Ohio state court where there is a parallel and more comprehensive coverage action in which all necessary parties have been joined and where the claims and defenses of all parties with an interest in this dispute can be heard and resolved in a single proceeding.

A dismissal or stay of this action is also warranted under the Supreme Court's *Colorado River* abstention doctrine in order to further the "clear federal policy . . . [of] avoidance of piecemeal adjudication." This case carries a particularly high risk of inconsistent decisions as the ongoing Ohio state court coverage action includes parties with an interest in the available insurance proceeds who are not parties to the instant federal court proceeding. *See, e.g., Gen.*

1

*Star Int'l Indem. Ltd. v. Chase Manhattan Bank,* 2002 WL 850012, *4 (S.D.N.Y. 2002), *aff'd,* 57

Fed. Appx. 892 (2d Cir. 2003), *quoting Moses H. Cone Memorial Hosp. v. Mercury Constr.*

*Corp.* 460 U.S. 1, 16 (1983).

## STATEMENT OF FACTS

On May 24, 2004, Milacron Inc. f/k/a Cincinnati Milacron Inc. (collectively

referred to as "Milacron") sued Fairchild in the Court of Common Pleas located in Hamilton

County, Ohio (the "Milacron Ohio Action")[1] by filing a complaint seeking, *inter alia*, a

declaration that Fairchild and RHI indemnify and defend Milacron in a series of lawsuits based

upon alleged bodily injuries resulting from profilers that were allegedly distributed by Fairchild

and used by certain individuals between 1971 and 2002. (Exh. 2).

On July 23, 2004, Fairchild answered Milacron's complaint. On October 19,

2004, Fairchild was granted leave to file a Third-Party Complaint, asserting claims for insurance

coverage against its insurers, including American International Group, Inc. ("AIG"), National

Union Fire Insurance Company of Pittsburgh, PA ("National Union"), Insurance Company of

Pennsylvania ("ISOP"), Zurich American Insurance Company ("Zurich"), Royal & SunAlliance

USA ("Royal"), and The Hartford Fire Insurance Company ("Hartford"). (Exh. 3).

On April 14, 2006, Milacron filed its First Amended Complaint, adding Milacron

Assurance Ltd. as a plaintiff. On May 5, 2006, Fairchild filed its Answer to Milacron's First

Amended Complaint and its First Amended Third-Party Complaint. On September 25, 2006, the

Court in the Milacron Ohio Action granted a motion to bifurcate trial. (Exh. 4). The Court

further ordered that all claims between Fairchild and its insurers would be decided at a later date.

(Exh. 3). Beginning on October 16, 2006, Judge Martin presided over a bench trial in the Milacron Ohio Action relating to all claims between Milacron and Fairchild. (Exh. 1, ¶ 32). He was the sole trier of fact and following the bench trial was exclusively responsible for determining a formula for allocating liability to Fairchild.[2] (Exh. 1, ¶¶ 37-38). On September 27, 2007, Fairchild filed its Second Amended Third-Party Complaint, naming Westchester Fire Insurance Company ("Westchester"), Industrial Indemnity Company ("Industrial") and TIG as additional Third-Party Defendants. (Exh. 5). All insurance policies at issue in the present case are also at issue in the Milacron Ohio Action. (Exh. 1, 5).

## ARGUMENT

TIG's claims seek exclusively declaratory relief. Thus, the *Wilton* abstention doctrine requires that this court should exercise its discretion to dismiss or stay the action. The abstention principles set forth by the Supreme Court in *Colorado River* also require that this court abstain from exercising jurisdiction. The Milacron Ohio Action includes parties that are not before this Court, or subject to its jurisdiction, but nonetheless have a direct interest in the outcome of this coverage dispute. Those parties remain free to pursue state court litigation to construe the TIG policies, which would create a risk of piecemeal litigation and inconsistent resolution of common factual and legal issues if both this action and the state court action proceeded simultaneously. In this respect, TIG's instant suit is the "hallmark[] of the piecemeal litigation approach which courts have been warned to avoid." *Gen. Star*, 2002 WL 850012 at *8.

---

[1] The Ohio Milacron Action is captioned *Milacron, Inc. and Milacron Assurance Ltd. v. The Fairchild Corporation and RHI Holdings, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA, Royal & Sunalliance USA, The Hartford First Insurance Company, Westchester Fire Insurance Company, Industrial Indemnity Company, and TIG Insurance Company*, Case No.: A-04-04162 and is pending before Hon. Judge Steven E. Martin in the Court of Common Pleas for Hamilton County, Ohio.

[2] In a letter to counsel dated July 12, 2007, Judge Martin detailed his findings regarding damages in the Milacron Ohio Act. This letter is the subject of paragraphs 37-38 of TIG's complaint and was attached as Exhibit B thereto.

*See also, e.g., General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F. 2d 78, 81 (2d Cir. 1988);

*American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997).  As such,

the factual predicates for abstention under both *Wilton* and *Colorado River* are present in the

instant case.

I.    **The Instant Case Should Be Dismissed Or Stayed Under *Wilton* Abstention Principles**

As *Wilton* and its progeny establish, federal courts should exercise their discretion

to dismiss or stay actions seeking declaratory relief where, as in this case, a parallel state court

action is pending between the same parties that presents the same issues and involves only issues

of state law. *Wilton,* 515 U.S. at 283, *quoting Brillhart v. Excess Ins. Co. of America,* 316 U.S.

491, 495 (1942)[3] ("where another suit involving the same parties and presenting opportunity for

ventilation of the same state law issues is pending in state court, a district court might be

indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to

proceed.").  *See also Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 20, 21-22 (2d Cir. 1997)

(rejecting National Union's argument that the federal court should not abstain in an action

seeking a declaration of no coverage under an aviation policy, where a concurrent state

proceeding against National Union was "better adapted than this Court to resolv[e] the coverage

issues"); *Capitol Indem. Corp. v. Haverfield,* 218 F.3d 872, 874-75 (8th Cir. 2000) (federal

district court must " 'ascertain whether the issues in controversy between the parties to the

federal action, not foreclosed under the applicable substantive law, can be better settled by the

state court ...' " and if so "must dismiss the federal action").  The *Wilton* doctrine recognizes that

---

[3] *Wilton* adopted the discretionary standard first articulated in *Brillhart,* where an insurer, anticipating a coercive suit in state court, sought from a federal court a declaration of nonliability on its policy.  The Supreme Court affirmed the dismissal of the action in favor of a pending state court action to which the insurer had been added, holding that "[a]lthough the District Court had jurisdiction of the suit

a federal court's failure to abstain under these circumstances poses substantial risk of piecemeal litigation, conflicting interpretations of identical policy language, waste of judicial resources and forum shopping that can be avoided by deferring to a pending, parallel (and here, more comprehensive) state court action involving the same parties and issues arising under state law. *See Wilton,* 515 U.S. at 282-83.

The factors federal courts consider under *Wilton* include: (1) whether the claims of all parties in interest can be adjudicated in the parallel state court proceeding; (2) whether all necessary parties have been joined; (3) whether those parties are amenable to process in that proceeding; (4) whether the case involves any federal questions of law; (5) avoiding duplicative proceedings and piecemeal litigation; (6) avoiding forum shopping; (7) the relative convenience of the fora; and (8) the order of filing. *Wilton,* 515 U.S. at 282-83; *Commercial Underwriters Ins. Co. v. Glowmaster Corp.,* 105 F. Supp. 2d 268, 270 (S.D.N.Y. 2000) *Travelers Indem. Co. v. Philips Electronics North America Corp.,* 2004 WL 193564, *2 (S.D.N.Y. 2004). These factors, viewed individually and collectively, overwhelmingly favor abstention in the present case.

A.  **Only The Milacron Ohio Action Includes All Necessary Claims and Parties**

The first three factors of the *Wilton* analysis -- the inclusion of the claims of all parties in interest, the joinder of all necessary parties, and the amenability of all necessary parties to suit -- strongly favor abstention in the instant case in favor of the more comprehensive Milacron Ohio Action, the only action where the court can declare the rights of all interested parties to proceeds available under all affected insurance policies.

First, the instant action and the Milacron Ohio Action are parallel, as there is an overwhelming commonality of issues and parties. *Karp,* 108 F.3d at 22 (noting that "[f]ederal

---

under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." *Brillhart,* 316 U.S. at 494 (internal citations omitted).

and state proceedings are ... 'parallel' for purposes of abstention when the two proceedings are essentially the same," and holding that the presence of insurance company and insured in both suits rendered the two actions parallel even though the federal action involved more parties -- which is not true here).  Further, the claims of the parties, including TIG, are either already before the Ohio court, or may be adjudicated in the Milacron Ohio Action by way of third-party claim, counterclaim or affirmative defense.  *See, e.g., Nat'l Union Fire Ins. Co. v. Warrantech Corp.*, 2001 WL 194903, *3 (S.D.N.Y. 2001) (holding that even if there is not an absolute commonality of claims between state and federal actions as currently constituted, abstention is appropriate where the absent claims are "readily assertable as defenses to the third-party claims and/or counterclaims in that [state] suit").

### B.    The Need To Avoid Piecemeal Litigation Strongly Favors Abstention

The Milacron Ohio Action was filed over three years before the present action and proceeded to trial in 2006-2007 on the claims between Milacron and Fairchild.  Indeed, all parties in the present case are parties to the Milacron Ohio Action, and all policies at issue in the present case are also at issue in the Milacron Ohio Action.  The advanced state of the Milacron Ohio Action raises the specter of an unnecessary duplication of effort and waste of judicial resources should this Court decline to abstain.  *See Philips Electronics,* 2004 WL 193564 at *3. The judge in the Milacron Ohio Action has been presiding over Fairchild's claims against its insurers for over three years and has already presided over a bench trial between Milacron and Fairchild, serving as the sole trier of fact.  As in *Philips*, "[c]ontinuing with this action in the face of the procedurally advanced [Milacron Ohio Action] would cause precisely the 'vexatious' waste of judicial resources and 'gratuitous interference' the Supreme Court cautioned against in *Brillhart* and *Wilton*."  *Philips*, 2004 WL 193564 at *3.

TIG is one of Fairchild's excess insurers. Other excess insurers who are parties to the Milacron Ohio Action but not the present case include the excess insurers with the majority of the excess coverage block (i.e., Westchester and Industrial).[4] Indeed, they have raised the same policy and coverage defenses as TIG. As a result, Westchester and Industrial have a direct interest in the outcome of the present dispute over excess insurance coverage; this Court and the Ohio courts could reach different conclusions on numerous issues that will have a direct effect on both excess insurers, such as trigger, exhaustion, single versus multiple occurrences or the substantive law that applies to the interpretation of policies. Any judgment entered by this Court as to the rights and obligations of the parties under the TIG and National Union insurance policies would not be binding on the other third-party defendant insurers in the Milacron Ohio Action, resulting in a serious risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel if this Court does not stay the present case.

The avoidance of duplicative proceedings and piecemeal litigation provides an especially persuasive reason for abstention, and in cases involving the scope of insurance coverage for underlying tort liabilities, courts are particularly careful to avoid piecemeal litigation that could result in conflicting interpretations of the same insurance policy. *See Philips Electronics*, 2004 WL 193564 at *2 (citing *Wilton*, 515 U.S. at 282-83; *Brillhart*, 316 U.S. at 495); *Federal Ins. Co. v. Skopbank*, 1994 WL 115999, *3-4 (S.D.N.Y. 1994). Abstention here would prevent the inefficiency and potential for inconsistent judgments that might arise if federal and state courts simultaneously decided mirror-image claims for declaratory relief.

---

[4] Westchester and Industrial have most of the excess coverage block (i.e., from January 1, 1990 to July 1, 1995). TIG, on the other hand, issued one excess policy for the period July 1, 1995 to July 1, 1996. Additionally, Westchester and Industrial filed their Answer in the Milacron Ohio Action last month (November 2007).

C.    **TIG Can Raise Its Coverage Issues As Defenses In The State Court Coverage Action**

Abstention would not deprive TIG of the ability to raise all of the same coverage issues and defenses it seeks to pursue in this Court in the Milacron Ohio Action. TIG is properly a party to the Milacron Ohio Action, with issues parallel to those raised here. All of these matters involve interrelated issues of fact and of state law that can and should be resolved together in a single omnibus proceeding. *Wilton*, 515 U.S. at 282-83. The broader scope of the Milacron Ohio Action and TIG's ability to raise all of the issues identified in the instant Complaint as affirmative defenses and counterclaims in the Milacron Ohio Action also favor abstention by this Court and deferral to the pending Ohio state court action. *Hartford Acc. & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1571 (S.D.N.Y. 1983) (abstention appropriate where a controversy under an insurance contract can be resolved completely, fairly and quickly in state court).

D.    **The Absence Of Federal Law Issues Favors Abstention**

The instant insurance coverage dispute raises no questions of federal law. Actions "which have as their underlying basis rights that are essentially governed by state law," present "particularly appropriate cases for application of the abstention doctrine." *Cadle Co. v. Bankers Fed. Sav. FSB*, 929 F. Supp. 636, 639 (E.D.N.Y. 1996). *See also General Reins.*, 853 F.2d at 82 (absence of federal issues in insurance coverage action favors abstention). In fact, federal district courts "routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." *Philips Electronics*, 2004 WL 193564 at *2. As the court held in *Reliance Ins. Co. of Illinois v. Multi-Financial Sec. Corp.*, 1996 WL 61763, *3-4 (S.D.N.Y. 1996):

> Tipping heavily in favor of abstention in this case . . . is the fact that state law will govern the outcome of this action. With very narrow exception, Congress has

long explicitly exempted the federal government from regulation of the insurance industry.

This is so because " 'states [have] a free hand in regulating the dealings between insurers and their policyholders.' " Id. at *3, *quoting SEC v. National Secs., Inc.*, 393 U.S. 453, 459 (1969). *See also, e.g., Karp*, 108 F.3d at 20-23 (citing *Wilton* and holding that abstention is proper in a declaratory judgment action where insurance disputes involving only state law claims are at issue).[5] That the exclusive focus of TIG's complaint is state-based insurance coverage law weighs heavily in favor of abstention.

### E.    **Ohio Is The More Convenient And Relevant Forum**

A comparison of the relative contacts that Ohio and New York have with this dispute confirms that Ohio is the more convenient and appropriate forum for resolving this dispute. First, the judge in the Milacron Ohio Action is well-versed in the facts and circumstances surrounding this case and has been presiding over this dispute for over three years.[6] Second, all of Fairchild's insurers -- including TIG and National Union -- are parties to the Milacron Ohio Action. Third, Ohio has the greater interest in applying its regulatory scheme to insure risks located within its borders, such as the underlying plaintiffs in the Milacron Ohio Action, especially when foreign insurers propose to disclaim coverage. *Fireman's Fund Ins. Co.*

---

[5] *See also American Motorists Ins. Co. v. Glidden Co.,* 129 F. Supp. 2d 640, 641 (S.D.N.Y. 2001); *Warrantech Corp.,* 2001 WL 194903 at *3; *Federal. Ins. Co. v. Safeskin Corp.,* 1998 WL 832706, *3-4 (S.D.N.Y. 1998); *Employers Ins. of Wausau v. El Paso Tennessee Pipeline Co.,* 1998 WL 790937, *1-2 (S.D.N.Y. 1998); *Glowmaster,* 105 F. Supp. 2d at 270 (abstention was appropriate because "insurance regulation is a matter of particular concern to state governments"); *Capitol Indem.,* 218 F.3d at 875 (district courts place themselves in a "difficult position" where state law governs interpretation and application of insurance policies because the federal court would be required to predict how the dispute would be resolved and the federal court's decision would be without precedential value if the state's highest court were to rule on the issue).

[6] Judge Martin, who has presided over the Milacron Ohio Action since 2004, is intimately familiar with the complicated procedural history and facts of this case that dates back to underlying claims that were first filed in 2002. The underlying claims were considered by Judge Martin in the bench trial and were addressed in detail in his July 12, 2007 letter.

*v. Shuster Films,* 811 F. Supp. 978, 984-85 (S.D.N.Y. 1993). Fourth, Fairchild's liability, and

thus TIG's potential coverage obligation, arises out of the Milacron Ohio Action.[7]

New York, in contrast, is neither a convenient nor relevant forum and there are no

significant ties between the present litigation and the state of New York. New York is not the

site of the events giving rise to the coverage dispute between the parties or the alleged harm. *See*

*Continental Ins. Co. v. Amax, Inc.,* 192 A.D.2d 391, 391 (N.Y. App. Div. 1993)

("Notwithstanding the parties' presence in New York and [the] execution [of] insurance

contracts in [New York]" the court favored dismissal of a "declaratory judgment action *on forum*

*non conveniens* grounds, where the underlying dispute" concerned proof of toxic waste that

existed at the place where emissions giving rise to the claims originated). The claims in the

instant case originated in Ohio, have been litigated in Ohio for the past three years and thus,

Ohio is the more convenient and relevant forum.

F.    **Fairchild's Second Amended Third-Party Complaint In The Milacron Ohio**
       **Action Was Filed Contemporaneously With TIG's Complaint In The Present**
       **Action**

Any claim that this Court should exercise jurisdiction to preside over the instant

case because it was filed before TIG was named as a third-party defendant in the Milacron Ohio

Action is unavailing. The Milacron Ohio Action has been pending since 2004 and TIG is now a

party to that suit. (Exh. 1; Exh. 2)[8]. Under circumstances here, the precise order of filing has no

bearing on abstention, and the Court should not allow TIG's complaint to proceed in this federal

forum for an Ohio centered, state-law coverage dispute. *See Dow Jones & Co. v. Harrods, Ltd.,*

237 F. Supp. 2d 394, 443 (S.D.N.Y. 2002), *aff'd,* 346 F.3d 357 (2d Cir. 2003) ("*Wilton* may be

---

[7] As a result, many of the documents that will be at issue in the present case are already of record in the Milacron Ohio Action, making Ohio a more convenient forum.

[8] Fairchild's Second Amended Third-Party Complaint in the Milacron Ohio Action was filed on September 27, 2007, a few days after TIG filed the present declaratory judgment action ("

read to instruct that there can be no mechanistic accrual of rights that attaches by reason of reaching the courthouse first, or indeed of engaging in a race at all. Rather, what counts . . . is which forum is better and more efficiently equipped to serve the interests and convenience of the parties; whether defenses may be adequately addressed in the alternative forum; whether all of the issues and parties in dispute may be joined and the conflict comprehensively adjudicated").[9] *See also General Reins.*, 853 F.2d at 82 (attaching "no importance" to earlier filing of insurer's preemptive declaratory judgment action where competing actions were filed a few weeks apart); *Fireman's Fund Ins. Co. v. Chris-Craft Indus., Inc.*, 932 F. Supp. 618, 621 n. 3 (S.D.N.Y. 1996) (that a federal action was filed before a state action "is not determinative"). *Wilton* itself affirmed the dismissal of a prior filed federal court action. *Wilton*, 515 U.S. at 280. Even if this Court deems the instant action to be first filed with respect to TIG, this alone under the present circumstances would not favor the exercise of its jurisdiction.

## II.     Abstention Is Warranted Under *Colorado River*

Even if this Court were to apply the more stringent standard for abstention under *Colorado River*, the facts still favor abstention. Under *Colorado River*, abstention is appropriate when parallel and duplicative state and federal court proceedings are pending and reasons of "wise judicial administration" counsel dismissal or a stay of the federal action. *Colorado River*, 424 U.S. at 817-18. Actions are considered parallel where they "present [] opportunity for ventilation of the same state law issues." *Wilton*, 515 U.S. at 283.

---

[9] The Second Circuit in affirming in *Dow Jones*, 346 F.3d at 359-60, noted that "[m]any years ago, this Court articulated a simple test that asks (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty. *Broadview Chen. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969). Here, the declaratory judgment sought by TIG will not bring finality and clarity to all interested parties as to all legal issues involved in the dispute between insurers and insureds regarding the profiler litigation.

11

The factors to be considered in deciding whether to abstain under *Colorado River* are similar to the *Wilton* factors, although emphasis is placed on: (1) jurisdiction over a *res* or property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law applies; and (6) whether the state forum will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Goldentree Asset Mgmt., L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. 2006), *citing FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir. 1999). In the instant case, the analysis strongly favors abstention.

## A.    Neither Court Has Assumed Jurisdiction Of Property

This insurance coverage dispute does not involve jurisdiction over a particular *res* or property, rendering this factor inapplicable. *See Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2d Cir. 1986).

## B.    The Federal Forum Is Not A Convenient Forum

For the reasons discussed above (*supra*, at 9-10), this factor firmly supports abstention. TIG cannot contend that it is "inconvenient" to address these issues in Ohio, a state in which it conducts business and is licensed to do business. *See, e.g., General Reins.*, 853 F.2d at 81 (*Colorado River* abstention upheld when insurance companies involved were "doing business on a multi-state basis [and] can as easily litigate" in state court as opposed to federal court).

## C.    Abstention Is Necessary To Avoid Piecemeal Litigation

Avoidance of piecemeal litigation is considered "the most important factor" per *Colorado River*. *Goldentree*, 448 F. Supp. 2d at 594, *citing Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. This is especially true where, as here, all parties with an interest in the subject matter of this insurance coverage dispute are already joined in the concurrent Milacron Ohio Action, but

not in this action. *See, e.g., Lumbermens Mut. Cas. Co.*, 806 F.2d at 414-15 (affirming district court's abstention decision in deference to more comprehensive state court coverage action). The risk of piecemeal litigation and inconsistent interpretations of the same policy language provides a compelling case for abstention.

### D.     The Order in Which the Courts Obtained Jurisdiction Is Not Significant

Even if the court determines that the present case was filed first by a few days with respect to TIG's rights and interests, this factor would be of little significance. *See Goldentree*, 448 F. Supp. 2d at 594 (in assessing the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.").[10]  In contrast to the present action, progress in the Milacron Ohio Action includes lengthy motion practice and discovery between all parties, and a trial as to the issues between Milacron and Fairchild that underlie the concurrent insurance litigation.

### E.     State Law Supplies the Rule of Decision

Abstention is often warranted, especially in insurance coverage disputes, where the overwhelming majority of issues are state law-based. *General Reins.*, 853 F.2d at 82; *Skopbank*, 1994 WL 115999, at *5 (S.D.N.Y. 1994). *See also Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) ("It is significant that no federal issues are raised in the instant declaratory judgment action and that no federal interest would be served by retaining jurisdiction over the case."); *American Alliance Ins. Co.*, 961 F. Supp. at 659 (because

---

[10] Even under the most liberal construction of the facts, this factor would not favor TIG because service of process was perfected for TIG in the present case, and for Fairchild in the Milacron Ohio Action, on the same day (November 19, 2007).

federal insurance coverage suit involved "only state law issues, the source of law factor favors abstention").

F.    **TIG's Rights Will Be Protected In the Milacron Ohio Action**

There is no reason to believe that the Ohio court cannot and will not adequately protect the rights of TIG, or that TIG will be limited in any way in asserting the same claims and defenses to coverage in the Milacron Ohio Action that it has attempted to raise here. *See, e.g., American Alliance Ins. Co.*, 961 F. Supp. at 659.

Balancing all of the aforementioned factors, considerations of "wise judicial administration" weigh firmly against the exercise of federal jurisdiction in the instant case. *See Colorado River*, 424 U.S. at 817; *Wilton*, 515 U.S. at 288. Therefore, even if this Court were to apply the *Colorado River* standard instead of the *Wilton* standard, it should abstain from deciding the issues of insurance law presented in this case.

III.   **This Matter Should Be Dismissed Rather Than Stayed**

Dismissal is proper where, as here, "there is no risk that [the federal court] plaintiff's claims of non-coverage might become time-barred as they may be asserted in defense of any claims under the [applicable p]olicy." *Warrantech Corp.*, 2001 WL 194903, at *3 n. 1. *See also CGI Solutions, LLC v. Sailtime Licensing Group, LLC*, 2005 WL 3097533, *7 (S.D.N.Y. 2005) (dismissing declaratory judgment action on the ground that "[f]or two cases embracing the same claims to proceed simultaneously through the federal court system would be a complete waste of judicial resources" and noting that based on the virtually contemporaneous filings of the two actions, "[p]laintiffs' primary concern seems to have been the forum in which this matter would be litigated, not the duration or urgency of the litigation. Declaratory judgment actions are not meant to permit parties who fear the looming incubus of litigation to dodge a particular forum."); *Great American Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp.

581, 585 (S.D.N.Y. 1990) (dismissing declaratory judgment action where suit embracing the

same claims was pending elsewhere).  Here, too, the Milacron Ohio Action includes claims for

relief that clearly place before the Ohio state court the rights and duties of the parties under the

TIG policy, and under the circumstances of this case, as in the cited cases, no interest would be

served by staying rather than dismissing this action.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the present declaratory

judgment action in favor of the parallel proceeding in Ohio state court.  In the alternative, the

Court should stay this matter pending resolution of the Milacron Ohio Action.

Dated: New York, New York
      December 10, 2007


GANFER & SHORE, LLP

By:   _____
      Ira Brad Matetsky (IM1881)
      360 Lexington Avenue, 14th floor
      New York, New York  10017
      (212) 922-9250
      (212) 922-9335 (facsimile)
      imatetsky@ganshore.com

      Peter V. Baugher
      Timothy C. Samuelson
      Schopf & Weiss LLP
      One South Wacker Drive, 28th Floor
      Chicago, Illinois 60606-4617
      (312) 701-9300
      (312) 701-9335 (facsimile)
      baugher@sw.com
      samuelson@sw.com

      *Attorneys for Defendant*
      *The Fairchild Corporation*