Christopher M. Bechhold
(0014192)

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

MILACRON INC. f/k/a
CINCINNATI MILACRON INC.          :     Case No. A0404162
2090 Florence Avenue              :
Cincinnati, Ohio 45205            :     Judge Martin
                                  :
and                               :
                                  :
MILACRON ASSURANCE LTD.           :
c/o Milacron Inc.                 :
2090 Florence Avenue              :
Cincinnati, Ohio  45205           :
                                  :
        Plaintiffs,               :
                                  :
v.                                :
                                  :     FIRST AMENDED COMPLAINT
THE FAIRCHILD CORPORATION         :
Washington-Dallas International Airport :
300 West Service Road             :
P.O. Box 10803                    :
Chantilly, Virginia 22021         :
                                  :
and                               :
                                  :
RHI HOLDINGS, INC.                :
Washington-Dallas International Airport :
300 West Service Road             :
P.O. Box 10803                    :
Chantilly, Virginia 22021         :
                                  :
        Defendants.               :

Plaintiff, Milacron Inc. f/k/a Cincinnati Milacron Inc. and Milacron Assurance Ltd. [hereinafter collectively referred to as "Milacron"] by its attorneys, Thompson Hine LLP, as and for its Complaint, avers as follows:

## PRELIMINARY STATEMENT

1. This is an action for breach of contract, indemnification, contribution and declaratory judgment arising from the failure of Defendants The Fairchild Corporation and RHI Holdings, Inc. [collectively "Defendants"] to indemnify Milacron for various product liability lawsuits which have been

4\14

brought against Milacron in accordance with the terms and conditions of an Asset Purchase Agreement entered into between Milacron and Defendants dated January 23, 1996 ["Agreement"] and applicable New York law arising out of certain products which were designed, manufactured and sold by Defendants.

## THE PARTIES

2. Milacron Inc. is a Delaware Corporation, with its principal place of business in Cincinnati, Ohio.

3. Milacron Assurance Ltd. is a wholly-owned subsidiary of Milacron Inc. incorporated in Bermuda. Its sole insured is Milacron Inc. Every dollar spent in settlement of the claims at issue in this lawsuit was paid by Milacron Inc. to Milacron Assurance Ltd., which then wrote the settlement checks.

4. The Fairchild Corporation is a Delaware Corporation with its principal place of business in Chantilly, Virginia.

5. RHI Holdings, Inc. is a Delaware Corporation with its principal place of business in Chantilly, Virginia.

## FACTUAL BACKGROUND PERTINENT TO ALL CAUSES OF ACTION

**A.    The Agreement**

6. In January 23, 1996, Milacron entered into the Agreement with the Defendants. Relevant parts of the Agreement were attached to the original Complaint as Exhibit A. Under the terms and conditions of the Agreement, Milacron, inter alia, agreed to purchase from Defendants "all of the assets, properties and other rights owned, used or held for use by Sellers (Defendants) in connection with the Business, including all the voting stock or their interests owned by Parent and Sellers in the Purchased Entities... upon the terms and subject to the conditions set forth in this Agreement." The Business is defined in the Agreement as including "the development, production, manufacturing, marketing, sale and distribution of mold bases, mold components, mold-making tools and supplies, <u>polishing equipment</u>, electronic temperature and pressure control equipment, runnerless molding systems and process controls in Computer Aided Design and Computer Aided Manufacturing ("CAD/CAM"),

hardware and software for the plastics industry." [Emphasis added]. This business was designated by the Defendants as its "D-M-E Division".

7. Under the terms and conditions of the Agreement, Defendants agreed that they would indemnify Milacron for certain liabilities and obligations of the D-M-E Division arising out of Defendants' operation of the D-M-E Division prior to the sale of the assets of said division to Milacron. Specifically, Section 2.03.(b) of the Agreement states in relevant part that:

> Notwithstanding anything herein to the contrary or any other writing to the contrary, Purchaser ["Milacron"] shall cause the designated Purchasers to assume only the Assumed Liabilities, and neither the Purchaser nor any other Designated Purchaser shall assume any other liability or obligation of Parent or of any Seller [Defendants] (or any predecessor owner of all or part of its business and assets) of whatever nature whether presently in existence or arising hereafter. All such other liabilities and obligations shall be retained by and remain obligations of Parent or Sellers (or any such predecessor owner) (all such liabilities and obligations not being assumed being herein referred to as the "Excluded Liabilities"). Without limiting the generality of the following, the excluded liability shall include the following:

***

> (viii) All liabilities and obligations covered, but only to the extent covered, by any insurance policy maintained by Parent, Sellers, the purchased entities or any of their respective affiliates;....

8. In addition, Section 10.02, Indemnification by Parent and RHI, states in relevant part that

> Parent and RHI shall, jointly and severally, indemnify and defend Purchaser, the other Designated Purchasers and their respective affiliates and their respective officers, directors and employees, (the "Purchaser Indemnified Parties") against, and agrees to hold them harmless from, any loss, liability, claim, charge, action, suit, proceeding, assessed interest, penalty, damage, Tax or expense (including reasonable legal fees and expenses) (collectively, "Losses") imposed on, sustained, incurred or suffered by or asserted against any of the Purchaser Indemnified Parties for or on account of or arising from or in connection with or otherwise with respect to (i) the failure of Parent or any Seller to pay or otherwise discharge when due and payable the Excluded Liabilities (or the payment or discharge by a Purchaser Indemnified Party of any liability or obligation of any purchased entity that, had such purchased entity been a Seller hereunder, would have been an excluded liability)...

9. Moreover, under Article IV, Representations and Warranties, Defendants represented to Milacron that:

> (k) <u>Insurance Coverage</u>. Schedule 4.01(k) sets forth a list of all insurance policies and fidelity bonds... relating to the Acquired Assets, the Business and operations of the Business and its employees. Parent and Sellers have previously provided to Purchaser copies of all such policies and bonds.
>
> ***
>
> Such policies of insurance and bonds (or other policies and bonds providing substantially similar insurance coverage) have been in effect since January 1, 1990 and remain in full force and effect [as of the Closing Date].

10. Defendants further warranted to Milacron in the Agreement that with respect to the products manufactured by Defendants prior to the Closing Date that:

> (s) <u>Products</u>. There is no design defect with respect to any of the Products (excluding any Products that have been discontinued and are no longer held as inventory by any Seller or Purchased Entity), and each such Product sold prior to the Closing contains adequate warnings, presented in a reasonably prominent manner, in accordance with applicable laws, rules and regulations and current industry practice with respect to contents and the use of such Product.

**B.    The Lawsuits**

11. On or about January 10, 2002, fourteen lawsuits were filed against Milacron in the United States District Court for the Eastern District of Missouri, Eastern Division [collectively "Lawsuits"]. In the Lawsuits, the Plaintiffs allege that at various times beginning as early as 1971, and continuing through 2002, they had used in the course and scope of their employment a mold polisher ["D-M-E Profiler"], and as a result of using said D-M-E Profiler over an extended period of time, each of them had sustained severe and permanent "injury and damages to his fingers, hands, wrists and forearms." Moreover, said Plaintiffs allege that the D-M-E Profiler is defective and unreasonably dangerous since it (i) operates at vibration levels in excess of ISO standards; (ii) lacks adequate warnings of physical harm from exposure to excessive vibration; (iii) lacks appropriate design features to dampen and lessen the affects of excessive vibration and (iv) lacks proper instructions with respect to the use of gloves or other effective hand coverings to lessen the affects of excessive vibration.

12. As a result of the Lawsuits, and in accordance with the terms and conditions of the Agreement, Milacron notified Defendants of the Lawsuits and demanded that the Defendants defend and indemnify Milacron for any bodily injury sustained by the Plaintiffs in the Lawsuits as a result of D-M-E

4

Profilers which were designed, manufactured and/or sold by Defendants prior to the Closing Date. A copy of said demand is attached hereto as Exhibit B.

13. Despite said demand, to date, Defendants have failed to defend and indemnify Milacron in accordance with the terms and conditions of the Agreement and applicable New York law for all bodily injuries sustained by the Plaintiffs in the Lawsuits as a result of D-M-E Profilers designed, manufactured and/or sold by Defendants prior to the sale of the Business to Milacron. As a result of said breach of the Agreement by Defendants, Milacron has incurred defense and indemnification costs in excess of $6,000,000 to date. Moreover, it is reasonably anticipated that Milacron will incur further defense and indemnification costs with respect to other similar lawsuits in the future.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Milacron repeats and reavers each and every averment in Paragraphs 1 through 13 above with the same force and effect as if fully set forth herein.

15. Under the terms and conditions of the Agreement, Defendants agree to fully indemnify Milacron for all defense and indemnification costs arising out of any products (including the D-M-E Profilers) designed, manufactured and/or sold by Defendants prior to the sale of the D-M-E Division to Milacron.

16. Defendants, despite said indemnification requirement, have breached the Agreement by failing to defend and indemnify Milacron for all D-M-E Profilers designed, manufactured and/or sold by Defendants that Plaintiffs in the Lawsuits contend caused them bodily injury.

17. As a result of said breach, Milacron has sustained and continues to sustain damages in an amount in excess of $25,000.00.

## SECOND CAUSE OF ACTION
### (Indemnification)

18. Milacron repeats and reavers each and every averment in Paragraphs 1 through 17 above with the same force and effect as if fully set forth herein.

19. Milacron avers that the Plaintiffs in the Lawsuits in part sought damages arising out of D-M-E Profilers designed, manufactured and/or sold by Defendants prior to the sale of the D-M-E Division to Milacron. As a result, Milacron's liability or payment is based in part upon the acts and/or omissions of Defendants, and each of them. Said acts and/or omissions include, but are not limited to alleged negligence, negligent misrepresentation, failure to warn, strict product liability and breach of contract. Milacron, therefore, avers that it is entitled as a matter of law to be indemnified by Defendants, and each of them, for any and all liability of any type whatsoever which Milacron may incur, may have paid, or has paid to the Plaintiffs in the Lawsuits as a result of the acts and/or omissions of Defendants.

### THIRD CAUSE OF ACTION
(Contribution)

20. Milacron repeats and reavers each and every averment contained in Paragraphs 1 through 19 above with the same force and effect as if fully set forth herein.

21. Milacron avers that the Plaintiffs in the Lawsuits in part sought damages arising out of the incidents and occurrences described by the Plaintiffs in the Lawsuits. As a result, Milacron's liability for damages and payment is based partially upon the acts and/or omissions of the Defendants, and each of them. Said acts and/or omissions include, without limitation, alleged negligence, negligent misrepresentation, failure to warn, strict liability and breach of contract. Milacron, therefore, avers that since Milacron was required to pay damages as a result of the Lawsuits, then Defendants, each of them, are jointly liable for said payments, and Milacron is entitled to contribution from said Defendants, and each of them.

### FOURTH CAUSE OF ACTION
(Declaratory Judgment)

22. Milacron repeats and reavers each and every averment in Paragraphs 1 through 21 above with the same force and effect as if fully set forth herein

23. Milacron states that under the terms and conditions of the Agreement, Defendants are required by fully indemnify Milacron for all defense and indemnification costs incurred by Milacron in

the Lawsuits as a result of any D-M-E Profilers designed, manufactured and/or sold by Defendants prior to the sale of the D-M-E Division to Milacron.

24. Milacron demanded that Defendants defend and indemnify Milacron in the Lawsuits with respect to all such D-M-E Profilers; however, Defendants failed to defend and indemnify Milacron.

25. In light of Defendants' failure to defend and indemnify Milacron for past defense and indemnification costs in the Lawsuits, as well as future defense and indemnification costs which will be incurred by Milacron in similar lawsuits, a judiciable controversy exists, and this Court should issue a declaration of the rights and duties of the parties under the Agreement with respect to Milacron's demand for defense and indemnification from Defendants with respect to the claims asserted against it in the Lawsuits.

WHEREFORE, Plaintiffs Milacron Inc. f/k/a Cincinnati Milacron Inc. and Milacron Assurance Ltd. request judgment against the Defendants as follows:

1. Under the First Second and Third Causes of Action for compensatory damages in an amount in excess of $25,000;

2. Under the Fourth Cause of Action, a declaration that Defendants are required under the Agreement to fully defend and indemnify Milacron for all reasonable defense and indemnification costs incurred by Milacron in the Lawsuits arising out of any D-M-E Profilers designed, manufactured and/or sold by Defendants prior to January 23, 1996;

3. Pre-judgment interest on all amounts due;

4. Milacron's costs of this action, together with reasonable attorneys' fees to the full extent permitted by law;

5. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____
THOMPSON HINE, LLP
Christopher M. Bechhold, Esq. (0014192)
Renee S. Filiatraut, Esq. (0041085)
THOMPSON HINE, LLP
312 Walnut Street
Suite 1400
Cincinnati, OH 45202-4089
513-352-6700 (telephone)
513-241-4771 (facsimile)

Trial Attorneys for Milacron Inc.
f/k/a Cincinnati Milacron Inc. and
Milacron Assurance Ltd.

## JURY DEMAND

Milacron Inc. and Milacron Assurance Ltd. hereby request a trial by jury on all issues so triable.

_____
Christopher M. Bechhold

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class U.S. Mail, postage prepaid, upon the following on this ___ day of April, 2006.

George D. Jonson
Montgomery, Rennie & Jonson
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
*Counsel for Defendants / Third Party Plaintiffs*

Michael Sanderson
Shumaker, Loop & Kendrick, LLP
North Courthouse Square
1000 Jackson
Toldeo, Ohio 43624-1573
*Counsel for Royal Insurance Company of America*

Clifford C. Masch
Michelle J. Sheehan
Reminger & Reminger Co., LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115-1093
*Counsel for Zurich American Insurance Company*

Steven G. Janik
Stacy N. Lilly
Janik & Dorman, LLP\
9200 South Hill Boulevard, Suite 300
Cleveland, OH 44147-3521
*Counsel for National Union Fire Insurance Company and the Insurance Company of the State of Pennsylvania*

Robert L. Joyce
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017
*Counsel for Royal Insurance Company of America*

Thomas F. Glassman
Smith, Rolfes & Skavdahl Company, LPA
1014 Vine Street, suite 2350
Cincinnati, OH 45202-1119
*Counsel for The Hartford Fire Insurance Company*

_____
Christopher M. Bechhold

583526.1