# Exhibit 2

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| MILACRON, INC.<br><br>Plaintiff<br><br>vs.<br><br>THE FAIRCHILD CORPORATION, et al.,<br><br>Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.<br><br>Third Party Defendants. | ) | **CASE NO: A0404162**<br><br>**JUDGE MARTIN**<br><br>**ANSWER OF THIRD PARTY DEFENDANTS AMERICAN INTERNATIONAL GROUP, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AND THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA TO DEFENDANTS/THIRD PARTY PLAINTIFFS' THIRD PARTY COMPLAINT** |

Third Party Defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA, and The Insurance Company of the State of Pennsylvania (collectively "AIG") state for their Answer to the Third Party Complaint:

**FIRST DEFENSE**

1. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Party Complaint.

2. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Party Complaint.

3. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third Party Complaint.

4. AIG admits that American International Group, Inc. is a company incorporated in the State of Delaware, with its principal place of business in New York, New York. Further answering, AIG denies the remaining allegations set forth in paragraph 4 of the Third Party Complaint.

5. AIG admits that National Union Fire Insurance Company of Pittsburgh, PA is an insurance company incorporated in the Commonwealth of Pennsylvania, with its principal place of business in New York, New York, and does business in the State of Ohio. Further answering, AIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Third Party Complaint.

6. AIG admits that The Insurance Company of the State of Pennsylvania is an insurance company incorporated in the Commonwealth of Pennsylvania, with its principal place of business in New York, New York, and does business in the State of Ohio. Further answering, AIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Third Party Complaint.

7. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Party Complaint.

8. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Party Complaint.

9. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint.

10. AIG denies the allegations set forth in paragraph 10 of the Third Party Complaint.

11. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Party Complaint.

12. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Party Complaint.

13. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Party Complaint.

14. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Party Complaint.

15. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Party Complaint.

16. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Party Complaint.

17. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Party Complaint.

18. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Party Complaint.

19. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Party Complaint.

20. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third Party Complaint.

21. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third Party Complaint.

22. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Party Complaint.

23. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Third Party Complaint.

24. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Party Complaint.

26. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Party Complaint.

27. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Third Party Complaint.

28. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Third Party Complaint.

29. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Third Party Complaint.

30. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Third Party Complaint.

31. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Third Party Complaint.

32. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Third Party Complaint.

33. AIG admits on May 24, 2004, Plaintiff Milacron, Inc. instituted the instant action against Fairchild and RHI.

34. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Third Party Complaint.

35. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Third Party Complaint.

36. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8\36 of the Third Party Complaint.

37. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Third Party Complaint.

38. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Third Party Complaint.

39. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Third Party Complaint.

40. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Third Party Complaint.

41. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Third Party Complaint.

42. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Third Party Complaint.

43. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Third Party Complaint.

44. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Third Party Complaint.

45. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Third Party Complaint.

46. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Third Party Complaint.

47. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Third Party Complaint.

48. AIG denies the allegations set forth in paragraph 48 of the Third Party Complaint.

49. AIG denies the allegations set forth in paragraph 49 of the Third Party Complaint.

50. AIG denies the allegations set forth in paragraph 50 of the Third Party Complaint.

51. AIG denies the allegations set forth in paragraph 51 of the Third Party Complaint. Further answering, AIG requests the Court deny Third Party Defendants' requests for declaratory relief set forth therein.

52. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Third Party Complaint. Further answering, AIG requests the Court deny Third Party Defendants' requests for declaratory relief set forth therein.

53. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Third Party Complaint.

54. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Third Party Complaint.

55. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Third Party Complaint.

56. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Third Party Complaint.

57. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Third Party Complaint.

58. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Third Party Complaint.

59. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Third Party Complaint.

60. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Third Party Complaint.

61. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Third Party Complaint.

62. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Third Party Complaint.

63. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third Party Complaint.

64. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Party Complaint.

65. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third Party Complaint.

66. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Third Party Complaint.

67. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Third Party Complaint.

68. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Third Party Complaint.

69. AIG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Third Party Complaint.

70. AIG denies each and every allegation set forth in the Third Party Complaint not expressly admitted to be true herein.

**SECOND DEFENSE**

71. AIG affirmatively alleges, in the alternative, that the Court lacks personal jurisdiction over AIG.

**THIRD DEFENSE**

72. AIG affirmatively alleges, in the alternative, that this Court lacks subject matter jurisdiction over this matter.

**FOURTH DEFENSE**

73. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have failed to obtain proper service on AIG.

**FIFTH DEFENSE**

74. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs lack standing to proceed on the Third Party Complaint and/or are not the real parties in interest.

**SIXTH DEFENSE**

75. AIG affirmatively alleges, in the alternative, that Defendant American International Group, Inc. is not in privity of contract with Defendants/Third Party Plaintiffs, and is otherwise not a proper party to this action.

**SEVENTH DEFENSE**

76. AIG affirmatively alleges, in the alternative, that the Third Party Complaint fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

77. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have improperly invoked the venue of the Court in seeking to proceed on the Third Party Complaint.

**NINTH DEFENSE**

78. AIG affirmatively alleges, in the alternative, that the Third Party Complaint is barred by the doctrine of *forum non conveniens*.

**TENTH DEFENSE**

79. AIG affirmative alleges, in the alternative, that the Third Party Complaint is barred by the doctrine of abstention.

**ELEVENTH DEFENSE**

80. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have failed to join all parties necessary for a just adjudication of the captioned matter.

**TWELFTH DEFENSE**

81. AIG affirmatively alleges, in the alternative, that the Third Party Complaint is barred by the applicable period of limitations.

**THIRTEENTH DEFENSE**

82. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have failed to comply with Ohio Civ. R. 10(D).

**FOURTEENTH DEFENSE**

83. AIG affirmatively alleges, in the alternative, that any claims at issue in this matter do not fall within the Insuring Agreements of the policies.

**FIFTEENTH DEFENSE**

84. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs are not entitled to coverage under the Policy, as such coverage is precluded or limited by the Declarations, Insuring Agreements, Definitions, Exclusions, Conditions, and Endorsements to the policies.

**SIXTEENTH DEFENSE**

85. AIG affirmatively alleges, in the alternative, that coverage for any claims at issue in this matter is subject to the Limit of Liability and Deductible of the policies.

**SEVENTEENTH DEFENSE**

86. AIG affirmative alleges, in the alternative, that any coverage afforded under the policies is excess to any other coverage available to the Defendants/Third Party Plaintiffs.

**EIGHTEENTH DEFENSE**

87. AIG affirmatively alleges, in the alternative, that coverage under the policies is precluded by the breach of warranties and/or misrepresentations of Defendants/Third Party Plaintiffs.

**NINETEENTH DEFENSE**

88. AIG affirmatively alleges, in the alternative, that the policies are rendered void *ab initio*, such that AIG is entitled to rescind the Policy, because of the breaches of warranties and/or the misrepresentations of Defendants/Third Party Plaintiffs.

**TWENTIETH DEFENSE**

89. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have acted as volunteers as to any payments made with respect to this matter.

**TWENTY-FIRST DEFENSE**

90. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs have failed to exercise ordinary, reasonable care to mitigate any damages allegedly sustained.

**TWENTY-SECOND DEFENSE**

91. AIG affirmatively alleges, in the alternative, that any damages sustained by the Defendants/Third Party Plaintiffs are the result of a direct, proximate, intervening and/or superseding act and/or omissions of parties other than AIG.

**TWENTY-THIRD DEFENSE**

92. AIG affirmative alleges, in the alternative, that the claims set forth in the Third Party Complaint are contrary to public policy and therefore barred.

**TWENTY-FOURTH DEFENSE**

93. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs are barred from proceeding on the Third Party Complaint by the doctrine of waiver.

**TWENTY-FIFTH DEFENSE**

94. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs are barred from proceeding on the Third Party Complaint by the doctrine of estoppel.

**TWENTY-SIXTH DEFENSE**

95. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs are barred from proceeding on the Third Party Complaint by the doctrine of unclean hands.

**TWENTY-SEVENTH DEFENSE**

96. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs are barred from proceeding on the Third Party Complaint by the doctrine of laches.

**TWENTY-EIGHTH DEFENSE**

97. AIG affirmatively alleges, in the alternative, that Defendants/Third Party Plaintiffs' exclusive remedy as to the policies is arbitration.

**TWENTY-NINTH DEFENSE**

98. AIG respectfully reserve the right to amend its Answer to add such additional affirmative defenses, cross-claims, and/or third-party complaints as may be disclosed during the course of this matter, including the disclosure of all insurance policies.

**WHEREFORE,** AIG demands that the Third Party Complaint be dismissed with prejudice, and that the Court grant AIG costs, reasonable attorney fees, and such further relief that AIG may be entitled.

Stacy N. Lilly
STEVEN G. JANIK (0021934)
CHRISTOPHER VAN BLARGAN (0066077)
STACY N. LILLY (0072507)
JANIK & DORMAN, L.L.P.
9200 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147-3521
(440) 838-7600 * Fax (440) 838-7601
Email: Steven.Janik@Janiklaw.com
Chris.Vanblargan@Janiklaw.com
Stacy.Lilly@Janiklaw.com

Attorneys for Third-Party Defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, and The Insurance Company of the State of Pennsylvania

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2005, a copy of the foregoing *Answer of Third Party Defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA, and The Insurance Company of the State of Pennsylvania* was sent via regular U.S. Mail to the following:

George D. Jonson, Esq.
Montgomery, Rennie & Jonson
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Attorney for Defendants/Third Party-Plaintiffs,
The Fairchild Corporation and RHI Holdings, Inc.

Christopher M. Beechhold, Esq.
Thompson Hine, LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4089
Attorney for Plaintiff

Michael Sanderson, Esq.
Shumaker, Loop & Kendrick, LLP
North Courthouse Square
1000 Jackson
Toledo, Ohio 43624-1573

Robert L. Joyce
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, New York 10017
Attorneys for Third-Party Defendant
Royal Insurance Company of America

Clifford C. Masch, Esq.
Reminger & Reminger Co., L.P.A.
1400 Midland Bldg.
101 Propsect Avenue, West
Cleveland, Ohio 44115-1093
Attorneys for Third-Party Defendant
Zurich American Insurance Company

Matthew J. Smith, Esq.
Thomas F. Glassman, Esq.
Smith, Rolfes & Skavdahl Co., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
Attorneys for Third-Party Defendant
The Hartford Fire Insurance Company

Stacy N. Lilly
Stacy.Lilly@Janiklaw.com

One of the Attorneys for Third-Party Defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, and The Insurance Company of the State of Pennsylvania