Ira Brad Matetsky (IM1881)
GANFER & SHORE, LLP
360 Lexington Avenue, 14th floor
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
imatetsky@ganshore.com

Peter V. Baugher
Timothy C. Samuelson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
(312) 701-9300
(312) 701-9335 (facsimile)
baugher@sw.com
samuelson@sw.com

*Attorneys for Defendant*
*The Fairchild Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIG INSURANCE COMPANY,

Plaintiff,

-against-

THE FAIRCHILD CORPORATION and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Defendants.

Civil Action No. 07 Civ. 8250 (JGK)

ECF CASE

**DEFENDANT THE FAIRCHILD CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR STAY**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

SUPPLEMENTAL STATEMENT OF FACTS .......... 1

ARGUMENT .......... 2

I. The *Wilton* Abstention Doctrine Requires That This Court Dismiss Or Stay The Instant Action .......... 2

A. TIG Concedes That The Milacron Ohio Action And The Present Action Are Parallel .......... 3

B. TIG Concedes That All Relevant Defenses And Claims Are Available To It In the Milacron Ohio Action .......... 3

C. TIG Claims That The Instant Action Was Filed First Is Both Factually Incorrect and Legally Insufficient .......... 4

D. TIG Submits No Argument Regarding the Remaining *Wilton* Abstention Factors .......... 4

E. TIG's Claim That Litigating In Ohio Is "Burdensome" Is Without Merit .......... 5

F. Ohio Is The Only Jurisdiction In Which All Interested Insurer Defendants Are Joined As Parties .......... 5

G. The Case Primarily Relied Upon By TIG In Support of Its *Wilton* Analysis Supports Abstention .......... 6

II. The Need To Avoid Piecemeal Litigation Strongly Favors Abstention .......... 7

III. Even If the More Stringent *Colorado River* Standard Was Applied, Abstention Would Still Be Warranted .......... 8

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*,
475 F. Supp. 2d 213 (E.D.N.Y. 2007) .................................................. 6, 7

*American Alliance Ins. Co. v. Eagle Ins. Co.*,
961 F. Supp. 652 (S.D.N.Y. 1997) .................................................. 8

*American Home Assurance Co. v. Babcock & Wilcox Co.*,
2007 WL 4299847 (E.D.N.Y. 2007).................................................. 6, 7, 8

*Brillhart v. Excess Ins. Co. of America*
316 U.S. 491, 495 (1942).................................................. 3, 7

*Commercial Underwriters Ins. Co. v. Glowmaster Corp.*,
105 F. Supp. 2d 268 (S.D.N.Y. 2000).................................................. 2

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976).................................................. 8, 9

*Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*,
2007 WL 1459289 (S.D.N.Y. 2007).................................................. 8, 9

*Employers Ins. of Wausau v. El Paso Tennessee Pipeline Co.*,
1998 WL 790937 (S.D.N.Y. 1998).................................................. 5

*Employers Ins. of Wausau v. Missouri Elec. Works*,
23 F.3d 1372 (8th Cir. 1994) .................................................. 7

*Federal Ins. Co. v. Skopbank*,
1994 WL 115999 (S.D.N.Y. 1994).................................................. 7

*General Reins. Corp. v. Ciba-Geigy Corp*,
853 F.2d 78 (2d Cir. 1988).................................................. 4, 8

*Gen. Star Int'l Indem. Ltd. v. Chase Manhattan Bank*,
2002 WL 850012 (S.D.N.Y. 2002), *aff'd*, 57 Fed. Appx. 892 (2d Cir. 2003).............................. 7, 8

*Goldentree Asset Management, L.P. v. Longaberger Co.*,
448 F. Supp. 2d 589, 594 (S.D.N.Y. 2006).................................................. 8

*Ins. Co. of the State of Pennsylvania v. Syntex Corp.*,
964 F.2d 829 (8th Cir. 1992) .................................................. 7

*Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*,
751 F.2d 475 (1st Cir. 1985) .......... 7

*Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*,
806 F.2d 411 (2d Cir. 1986) .......... 7

*Reliance Ins. Co. of Illinois v. Multi-Financial Sec. Corp.*,
1996 WL 61763 (S.D.N.Y. 1996) .......... 3

*Tarka v. Greenfield Stein & Senior*,
2000 WL 1121557 (S.D.N.Y. 2000) .......... 9

*Travelers Indem. Co. v. Philips Electronics North America Corp.*,
2004 WL 193564 (S.D.N.Y. 2004) .......... 2, 3, 7

*Transamerica Occidental Life Ins. Co. v. Digregorio*,
811 F.2d 1249 (9th Cir. 1987) .......... 7

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) .......... passim

Defendant The Fairchild Corporation ("Fairchild") has moved to dismiss or stay this lawsuit by Plaintiff TIG Insurance Company ("TIG") under well established principles of federal abstention in favor of a parallel and more comprehensive Ohio state insurance coverage action that addresses the same issues and includes parties over whom this Court lacks jurisdiction, but who have a substantial interest in interpretation of the subject insurance policy language. TIG's response ignores the facts and neglects controlling legal decisions which establish that federal abstention is warranted here. Instead of submitting facts relevant to the recognized abstention factors or attempting to distinguish the cases cited by Fairchild, TIG makes diversionary arguments unrelated to abstention principles to keep this garden-variety state-based insurance coverage dispute out of the only forum that has a direct and longstanding connection to it, and in which all interested parties can be heard. Abstention is appropriate, and the Court should dismiss or stay this case.

## SUPPLEMENTAL STATEMENT OF FACTS

On November 23, 2007, Industrial Indemnity Company ("Industrial") and Westchester Fire Insurance Company ("Westchester") filed answers in the Court of Common Pleas located in Hamilton County, Ohio (the "Milacron Ohio Action").[1] (Exh. 1 hereto). Industrial admitted in its answer that it issued the excess insurance policies to Fairchild from January 1, 1990 to July 1, 1994. (Exh. 1 hereto, ¶ 64). Westchester admitted in its answer that it issued the excess insurance policies to Fairchild from July 1, 1994 to July 1, 1995. (Exh. 1

[1] The Ohio Milacron Action is captioned *Milacron, Inc. and Milacron Assurance Ltd. v. The Fairchild Corporation and RHI Holdings, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA, Royal & Sunalliance USA, The Hartford First Insurance Company, Westchester Fire Insurance Company, Industrial Indemnity Company, and TIG Insurance Company*, Case No.: A-04-04162 and is pending before Hon. Judge Steven E. Martin in the Court of Common Pleas for Hamilton County, Ohio.

hereto, ¶ 69). TIG acknowledged in its response brief that it issued the excess policy to Fairchild for July 1, 1995 to October 1, 1996. (Resp. Mem. 3).

National Union issued the primary insurance policies to Fairchild from January 1, 1990 to October 1, 1997. (Resp. Mem. 2). National Union has been a party to the Milacron Ohio Action since January 7, 2005. (Exh. 2 hereto). On January 7, 2008, co-defendant National Union filed its Cross-Motion to Dismiss or Alternatively to Stay and Memorandum in support thereof. (Dkt. 17, 18). National Union's cross-motion and memorandum adopts and incorporates all facts and arguments submitted by Fairchild in its motion. (Dkt. 17, 18).

## ARGUMENT

### I. The *Wilton* Abstention Doctrine Requires That This Court Dismiss Or Stay The Instant Action

The abstention principles set forth by the Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), require that this Court dismiss or stay the instant action. TIG agrees that the *Wilton* abstention doctrine is controlling. (Resp. Mem. 14). Indeed, the parties are generally in agreement as to the factors to be considered under *Wilton*, although TIG conveniently omits reference to the "avoiding duplicative proceedings and piecemeal litigation" factor that is key to determining whether a federal court should abstain.[2] The *Wilton* factors present in this case – including the overwhelming risk of duplicative proceedings and piecemeal litigation – individually and cumulatively weigh in favor of abstention.

---

[2] *Compare* the eight factors identified by Fairchild in its memorandum at page 5 versus the seven factors identified by TIG in its response brief at page 15. The one notable factor omitted from TIG's recitation is the policy of avoiding duplicative proceedings and piecemeal litigation that has been cited to by *Wilton* and its progeny. *See Wilton*, 515 U.S. at 286 (referring to the "avoidance of piecemeal litigation" as a factor to be considered); *Commercial Underwriters Ins. Co. v. Glowmaster Corp.*, 105 F. Supp. 2d 268, 270 (S.D.N.Y. 2000); *Travelers Indem. Co. v. Philips Electronics North America Corp.*, 2004 WL 193564, *2 (S.D.N.Y. 2004).

### A. TIG Concedes That The Milacron Ohio Action And The Present Action Are Parallel

The first factor to be considered in the *Wilton* analysis favored by TIG is "whether the state and federal actions are parallel." (Resp. Mem. 15). Here, TIG concedes that the Milacron Ohio Action and the present case are parallel actions. (Resp. Mem. 16). This factor heavily weighs in favor of abstention. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ("where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed.").

### B. TIG Concedes That All Relevant Defenses And Claims Are Available To It In The Milacron Ohio Action

Other factors to be considered in the *Wilton* analysis are "the nature of the defenses available in state court," and "whether the claims of all parties in interest can be adjudicated in state court." (Resp. Mem. 15). It is undisputed that all insurance coverage claims raised by TIG arise out of state-based contract law. Moreover, TIG concedes that all relevant defenses and claims for all its claims are available to it in Ohio state court. (Resp. Mem. 16). These factors weigh heavily in favor of abstention. *See, e.g., The Travelers Indem. Co. v. Philips Electronics of North American Corp.*, 2004 WL 193564, *2 (S.D.N.Y. 2004) ("district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law"); *Reliance Ins. Co. of Illinois v. Multi-Financial Sec. Corp.*, 1996 WL 61763, *3-4 (S.D.N.Y. 1996) ("Tipping heavily in favor of abstention in this case . . . is the fact that state law will govern the outcome of this action. With very narrow exception, Congress has long explicitly exempted the federal government from regulation of the insurance industry.").

### C. TIG's Claim That The Instant Action Was Filed First Is Both Factually Incorrect And Legally Insignificant

TIG claims that it filed the instant action "almost one week prior" to the filing of the Milacron Ohio Action, conveniently ignoring that the Milacron Ohio Action has been pending since 2004 and that Fairchild's claims against TIG were asserted concurrently with TIG's suit here. Furthermore, TIG neglects to acknowledge that National Union has been a party to the Milacron Ohio Action since 2005, as have most other insurer defendants. Regardless, this factor is of no consequence insofar as the courts in this District have repeatedly and consistently held that the precise order of filing has no bearing on abstention. (Resp. Mem. 16). As such, this factor is of no importance to this Court's determination of abstention pursuant to *Wilton*. *See, e.g., General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F. 2d 78, 82 (2d Cir. 1988) (attaching "no importance" to earlier filing of insurer's preemptive declaratory judgment action where competing actions were filed a few weeks apart). Even if this factor were of importance to a *Wilton* analysis, abstention would be favored given the Ohio court's extensive history with the resolution of Milacron's claims against Fairchild, Fairchild's claims against its primary carriers, and the fact that Fairchild's current claims against its excess carriers arise out of these actions.

### D. TIG Submits No Argument Regarding the Remaining *Wilton* Abstention Factors

TIG submits no fact or argument regarding the remaining *Wilton* abstention factors, including "whether the necessary parties have been joined," and "whether the claims of all parties in interest can be adjudicated in state court." (Resp. Mem. 15). As stated in Fairchild's opening brief, all necessary parties have been joined in the Milacron Ohio Action (pp. 5-6) and all claims of all parties can be adjudicated before the Ohio state court (p. 8). TIG's failure to respond, or even to address these factors, constitutes waiver.

**E. TIG's Claim That Litigating In Ohio Is "Burdensome" Is Without Merit**

TIG claims it would be "extremely burdensome" to litigate this matter in Ohio. (Resp. Mem. 16). This argument is without merit. First, the suggestion by TIG that it would become "engulfed" in lengthy and extraneous litigation in Ohio is factually incorrect. Fairchild's coverage action against its *primary* insurers is essentially over, with the lone exception being a minor dispute with The Hartford (where approximately $5,000 is at issue). Moreover, Fairchild anticipates that all primary insurers will be dismissed from the Milacron Ohio Action in the near future. Secondly, even if TIG's claim were factually accurate, it is unavailing. *See Employers Ins. of Wausau v. El Paso Tennessee Pipeline Co.*, 1998 WL 790937, *2 (S.D.N.Y. 1998) (rejecting argument in opposition to motion to dismiss based on *Wilton* where state court action would not be "resolved promptly," holding that "[i]t is far more efficient to have all the parties and co-insurers . . . resolve all these issues in one case, ending in consistent judgments binding against all."). As such, TIG's "burdensome" claim should be disregarded.

**F. Ohio Is The Only Jurisdiction In Which All Interested Insurer Defendants Are Joined As Parties**

TIG claims that "there is only one discrete issue at the center of this action . . . the interpretation and application of the National Union policies' Anti-Stacking Endorsement." (Resp. Mem. 1). TIG further claims that "the only interested and necessary parties to this controversy are TIG, Fairchild and National Union." (Resp. Mem. 16). Again, TIG is wrong because it fails to consider the interests held by Fairchild's other excess insurers who are already parties to the Milacron Ohio Action, namely Westchester and Industrial.

Ohio is the only jurisdiction in which all interested and necessary parties to this controversy are joined. Westchester and Industrial, like TIG, are excess insurers whose rights and liabilities necessarily turn on the interpretation of the National Union policies' Anti-Stacking

Endorsement. In fact, Westchester and Industrial arguably have a greater interest in the interpretation of the Anti-Stacking Endorsement insofar as they are responsible for 6 of the 7 excess policies at issue.[3] Because Ohio is the only jurisdiction in which all of the relevant parties are joined, and because Fairchild should not be forced to litigate the same coverage issue in two jurisdictions, this factor strongly favors abstention. *See, American Home Assurance Co. v. Babcock & Wilcox Co.*, 2007 WL 4299847, *7-8 (E.D.N.Y. 2007) (granting defendant's motion to dismiss pursuant to *Wilton* where Louisiana was "a better and more effective means to resolve the underlying dispute" because the district court "cannot provide full relief to the litigants or other interested parties" that were defendants in Louisiana and not in the federal district court case).

**G. <u>The Case Primarily Relied Upon By TIG In Support Of Its *Wilton* Analysis Supports Abstention</u>**

TIG primarily relies upon *Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*, 475 F. Supp. 2d 213, 233-34 (E.D.N.Y. 2007) in its *Wilton* analysis. *Valley Physical Medicine* supports Fairchild's motion and provides compelling legal and factual bases for abstention. In *Valley Physical Medicine*, the Eastern District of New York granted the defendant's motion to abstain where the cause of action was substantially similar to another state court proceeding. *Id.* at 234. After noting that "abstention is appropriate where claims in federal suit are readily assertable as defenses and/or counterclaims in the state suit," the *Valley Physical Medicine* court held that "district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law" and that "[t]he absence of federal issues in a declaratory judgment action weighs heavily in favor of abstention." *Id.* at 234. In

---

[3] Industrial and Westchester are admittedly responsible for the excess policies issued to Fairchild for the 5 ½ years between January 1, 1990 and July 1, 1995. (Exh. 1 hereto, ¶ 64, 69). TIG is

other words, *Valley Physical Medicine* provides no support for TIG's argument in opposition to Fairchild's motion to abstain, especially where, as here, "it would be unnecessarily duplicative for [a federal] Court to interfere with ongoing state court proceedings." *Id.* at 234.

## II. The Need to Avoid Piecemeal Litigation Strongly Favors Abstention

The need to avoid piecemeal litigation – perhaps the most compelling reason for this Court to grant Fairchild's motion – is completely ignored by TIG. The Second Circuit, like many federal courts,[4] has repeatedly upheld the policy principles to abstain in favor of parallel state insurance coverage actions involving construction of the same policy language and presenting the same potential risk of piecemeal litigation and conflicting interpretations of state law that are present here. *See, e.g., Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2d Cir. 1986) (abstaining to avoid "piecemeal litigation and the possibility of two interpretations of the same policy language in different courts"); *American Home Assurance*, 2007 WL 4299847, at *8 ("[b]y declining to exercise jurisdiction, the Court will avoid creating piecemeal litigation and duplicating many of the proceedings occurring on the state level in Louisiana."); *General Star Intern. Indem. Ltd. v. Chase Manhattan Bank*, 2002 WL 850012, *8 (S.D.N.Y. 2002) ("the risks of piecemeal litigation are so significant as to warrant abstention" pursuant to *Wilton*); *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, 2004 WL 193564, *2 (S.D.N.Y. 2004) (citing *Wilton*, 515 U.S. at 282-83; *Brillhart*, 316 U.S. at 495); *Federal Ins. Co. v. Skopbank*, 1994 WL 115999, *3-4 (S.D.N.Y. 1994).

The Ohio court in the Milacron Ohio Action has presided over the very Anti-

---

also an excess insurer, but responsible for issuing the policy covering a shorter period of time, the 18 months from July 1, 1995 to October 1, 1996. (Resp. Mem. 3).

[4] *See, e.g., Transamerica Occidental Life Ins. Co. v. Digregorio,* 811 F.2d 1249 (9th Cir. 1987); *Ins. Co. of the State of Pennsylvania v. Syntex Corp.*, 964 F.2d 829, 834-35 (8th Cir. 1992); *Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475 (1st Cir. 1985); *Employers Ins. of Wausau v. Missouri Elec. Works,* 23 F.3d 1372 (8th Cir. 1994).

Stacking Endorsement, and the six National Union policies in which it appears, since 2004. Moreover, the Ohio state court will, of necessity, make that very determination with regard to the Westchester and Industrial policies at issue before it. Notably, Westchester and Industrial are not parties to the instant case but have appeared and answered in the Milacron Ohio Action. Thus, even if Fairchild's motion is denied, there will still be a duplication of effort because the Ohio court will preside over a parallel proceeding against Westchester and Industrial. Under this scenario, TIG would pursue its coverage defenses in the instant case and Westchester would pursue the very same coverage defenses in the Milacron Ohio Action. Because the Milacron Ohio Action is the only suit in which all of Fairchild's excess carriers potentially affected by the Anti-Stacking Endorsement are joined, and because Fairchild should not be forced to litigate the same coverage issue in two jurisdictions, judicial economy and comity strongly favor this Court abstaining. As such, the instant suit is the "hallmark[] of the piecemeal litigation approach which courts have been warned to avoid." *Gen. Star*, 2002 WL 850012 at *8. *See also, e.g., General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F. 2d 78, 81 (2d Cir. 1988); *American Home Assurance*, 2007 WL 4299847, at *7-8; *American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997).

**III. Even If The More Stringent *Colorado River* Standard Was Applied, Abstention Would Still Be Warranted**

Even if this Court were to apply the more stringent standard as set forth in *Colorado River* to Fairchild's motion, abstention is warranted. The most important factor under *Colorado River* is whether abstention would avoid piecemeal litigation. *See, e.g., Goldentree Asset Management, L.P. v. Longaberger Co.,* 448 F. Supp. 2d 589, 594 (S.D.N.Y. 2006); *Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.,* 2007 WL 1459289, *5 n. 17 (S.D.N.Y. 2007) (the risk of piecemeal litigation exists where different claims arising out of the

same set of events are being litigated in concurrent lawsuits or where additional parties are included in one litigation but absent from a concurrent action); *Tarka v. Greenfield Stein & Senior,* 2000 WL 1121557, at *5 (S.D.N.Y. 2000) ("merely duplicative litigation" weighs in favor of abstention).

In argument pursuant to *Colorado River*, TIG claims there is no danger of piecemeal litigation because "the other defendants in the Ohio Action would not be affected by any judgment rendered by this Court." (Resp. Mem. 19). TIG is wrong. If this court were to deny Fairchild's motion and ultimately enter a declaration as to the Anti-Stacking Endorsement, that decision would not bind Westchester or Industrial, non-parties with an interest in interpretation of the same policy language. Thus, Fairchild and its non-party insurers would be exposed to the risk of inconsistent results. In contrast, TIG admittedly has a full opportunity to litigate and assert all claims and defenses in Ohio that it could have asserted before this Court. The federal policy to avoid costly and duplicative proceedings and piecemeal litigation strongly favors abstention in this case.

**CONCLUSION**

Consistent with the "clear federal policies" articulated in *Wilton* and *Colorado River,* this case can and should be dismissed or stayed while the Milacron Ohio Action proceeds. For the foregoing reasons, this Court should dismiss the present declaratory judgment action in favor of the parallel proceeding in Ohio state court. In the alternative, the Court should stay this matter pending resolution of the Milacron Ohio Action.

Dated: New York, New York
January 25, 2007

GANFER & SHORE, LLP

By: ______________________
Ira Brad Matetsky (IM1881)
360 Lexington Avenue, 14th floor
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
imatetsky@ganshore.com

Peter V. Baugher
Timothy C. Samuelson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
(312) 701-9300
(312) 701-9335 (facsimile)
baugher@sw.com
samuelson@sw.com

*Attorneys for Defendant*
*The Fairchild Corporation*