n.1. As in <u>Warrantech</u>, the entirety of the plaintiff's claim here also constitutes a defense in the Ohio Action. The parties agree that all of the issues in this action can be resolved in the Ohio Action and there is no danger, whether from a time-bar or otherwise, that TIG will be prejudiced by the dismissal of this action rather than a stay.

Therefore, TIG's action for declaratory relief is dismissed.

## CONCLUSION

For the reasons described above, the defendant Fairchild's motion to dismiss (Docket # 6), and the defendant National Union's motion to dismiss (Docket # 17), are **granted**. The Clerk is directed to enter judgment dismissing this action based on abstention and not on the merits. The Clerk is also directed to close this case.

SO ORDERED.

Dated: New York, New York
       May 23, 2008

_____
John G. Koeltl
United States District Judge

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────
**TIG INSURANCE COMPANY**

              Plaintiff,

  - against –

**THE FAIRCHILD CORPORATION AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

              Defendant.
────────────────────────────────────────

07 Civ. 8250 (JGK)

**OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, brought by the plaintiff, TIG Insurance Company ("TIG"), for the purpose of determining its liability to the defendant, The Fairchild Corporation ("Fairchild"), in a matter pending in the state courts of Ohio. Jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332. Fairchild, along with its co-defendant in this matter, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), one of Fairchild's primary insurance carriers, separately move to dismiss TIG's suit for declaratory relief pursuant to the Wilton abstention doctrine.

**I.**

There is no dispute with respect to the following facts. Fairchild was sued in the Court of Common Pleas, Hamilton County, Ohio ("Ohio Action"), by Milacron, Inc. ("Milacron"), in

May 2004, regarding an industrial product sold by D-M-E Company ("DME"). (Compl. ¶ 30.)  On January 23, 1996, Milacron bought DME from Fairchild through an Asset Purchase Agreement. (Compl. ¶ 23.)  In January 2002, Milacron was sued in fourteen separate actions in the United States District Court for the Eastern District of Missouri for injuries allegedly arising from exposure to the Jiffy Air Profiler, an industrial product sold by DME. (Compl. ¶¶ 25-26.)  This alleged exposure took place from approximately 1987 through 2003. (Compl. ¶ 26.)  Milacron settled these suits for $5.8 million. (Compl. ¶ 29.)  Milacron then proceeded with the Ohio Action, seeking indemnification from Fairchild and other relief. (Baugher Decl., Ex. 2, ¶ 1.)  In October 2004, Fairchild filed a third-party complaint in the Ohio Action against its primary insurance carriers, including National Union. (Compl. ¶ 31.)  The Ohio Action was bifurcated, severing the claim between Milacron and Fairchild into one trial ("Milacron Ohio Action"), and the claims between Fairchild and the third-party defendants ("Third-Party Ohio Action") into a separate trial. (Baugher Decl., Ex. 4.)

   The Milacron Ohio Action was decided in July 2007, holding Fairchild liable in the amount of $3,346,346.13, plus prejudgment interest of $598,535.94, post-judgment interest and court costs.  (Compl. ¶¶ 37-38.)  The Milacron Ohio Action allocated $1,911,739.09 of this amount to the period covering

2

January 1, 1990 through October 1, 1996, which is pertinent to Fairchild's insurance coverage under various insurance contracts. (Compl. ¶ 39.)

Also in July 2007, subsequent to the liability determination, Fairchild sent a letter to TIG seeking a pro rata contribution to Fairchild's liability under their excess insurance policy with TIG, particularly seeking a contribution of $911,739.09 for the amount allocated to the January 1990 through October 1996 period. (Compl. ¶¶ 41-42.)

TIG filed the present action on September 20, 2007, seeking declaratory relief that is was not liable to Fairchild.  Shortly thereafter, on September 27, 2007, Fairchild filed their Second Amended Third-Party Complaint in the Ohio Action, adding TIG, as well as Fairchild's other excess insurance carriers, to the Third-Party Ohio Action.  (Baugher Decl. Ex. 5.)  Fairchild filed this motion to dismiss in December 2007.  On January 7, 2008, National Union filed a cross-motion to dismiss, essentially joining in Fairchild's motion to dismiss and incorporating the presentation set forth by Fairchild.

## II.

Fairchild argues that this Court should abstain from deciding the merits of this declaratory judgment suit, and either stay or dismiss this action, based on the Wilton

3

abstention doctrine.  Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

**A.**

The Declaratory Judgment Act permits, rather than mandates, district courts to grant declaratory relief.  28 U.S.C. § 2201(a).  Wilton explains that the purpose of the Act is to "place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."  Wilton, 515 U.S. at 288; see also Travelers Indem. Co. v. Philips Electronics North America Corp., No. 02 Civ. 9800, 2004 WL 193564, at *1 (S.D.N.Y. Feb. 3, 2004).  According to Wilton, suits brought under the Declaratory Judgment Act "justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted" by the related Colorado River abstention doctrine.  Wilton, 515 U.S. at 286; see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-20 (1976). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton, 515 U.S. at 288; see also Dow Jones & Co., Inc., v. Harrods Ltd., 346 F.3d 357, 359

4

(2d Cir. 2003) (per curiam); National Union Fire Ins. Co. v. Karp, 108 F.3d 17, 22-23 (2d Cir. 1997).

Wilton did not offer a definitive test for deciding whether to abstain from deciding a declaratory judgment action involving the same issues being litigated by the parties in a state court action, but it did endorse the factors enunciated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), as a non-exclusive guide. Wilton, 515 U.S. at 282-83 (citing the Brillhart factors, but also noting that Brillhart itself left open the possibility of new factors also being relevant to the abstention analysis). The general goal of the inquiry is to determine whether the question at issue in the federal suit "can better be settled in the proceeding pending in the state court." Wilton, 515 U.S. at 282 (quoting Brillhart, 316 U.S. at 495) (internal quotation marks omitted); see also Karp, 108 F.3d at 22.

Based on Wilton and Brillhart, courts have considered the following factors:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding. . . . (5) avoiding duplicative proceedings; ...(6) avoiding forum shopping. . . . (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law....

National Union Fire Ins. Co. v. Warrantech Corp., No. 00 Civ. 5007, 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001) (internal

5

citations omitted); see also Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 475 F. Supp. 2d 213, 233-34 (E.D.N.Y. Feb. 21, 2007). These factors overwhelmingly favor abstention in this case.

**B.**

The facts of this case, even as presented in the plaintiff's Complaint, fall squarely within the type of situation contemplated by Wilton, and therefore call for abstention.

Like the present case, Wilton dealt with a factual situation "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court" and abstention will therefore avoid unnecessary meddling with the state court proceedings. Wilton, 515 U.S. at 283.  As in Wilton, this case involves an insurer seeking a declaratory judgment regarding its coverage liability in relation to the insured's liability pursuant to state law claims.  Id. at 279-81.  Insurance disputes, such as the present case, generally present strong reasons for a federal court to abstain because such claims are intimately tied to matters of state law which are being litigated in state court. Philips Electronics, 2004 WL 193564, at *2.

## C.

### 1.

All of the parties in this suit are also parties to the Third-Party Ohio Action, and all of the claims and issues relevant to this suit are relevant in that action as well. Although TIG's arguments might not yet be asserted in the Ohio Action, the parties agree that TIG can assert all of its defenses to liability in the Third-Party Ohio Action.

The Ohio Action is broader than the present suit, containing more primary and excess insurance carriers than are present here, but all of the issues here are also present there; that action entirely subsumes this action, adding other parties and issues as well. That this suit is merely a subset, rather than exact duplicate, of the state court proceeding does not diminish the concurrent nature of the present proceeding.

### 2.

Moreover, contrary to the plaintiff's contention that the issues asserted here only affect the parties to this suit, the main issue asserted here, the proper construction of the insurance contract between Fairchild and National Union, also affects parties to the Ohio Action that are not parties here (namely, Fairchild's other excess insurance carriers). (See Baugher Decl. Ex. 5, ¶¶ 65-66, 70-72, 75-76, 80-81 (describing

7

the claims against both TIG as well as the other excess insurance carriers, as covering losses that "exceed the primary insurance coverage provided by National Union").)  Because this proceeding would not be binding upon those other Third-Party defendants in the state action, deciding this case raises the specter of inconsistent piecemeal litigation, subjecting the defendants here to the unfair burden of having to succeed twice on the same issue should this court rule in their favor.

On the other hand, all of the parties here are also parties in the Ohio Action.  Therefore abstaining here avoids piecemeal and duplicative litigation and allows for all the parties' claims to be resolved in the Ohio Action.  See American Home Assurance Co. v. Babcock & Wilcox Co., No. 06 Civ. 6506, 2007 WL 4299847, at *7-8 (E.D.N.Y. Dec. 6, 2007) (stating "the instant declaratory judgment action cannot provide full relief to the litigants or other interested parties" because there are other parties in the state action not party to the federal declaratory judgment suit).

Furthermore, aside from the concern of inconsistent piecemeal rulings, basic notions of judicial economy favor avoiding duplicative rulings.  All else being equal, reducing the number of court proceedings involved with any given issue entails a more efficient use of judicial resources.  Therefore, resolving the present issues in the broader Ohio Action, rather

8

than undertaking "needless duplication of effort and expenditure of additional resources," also militates in favor of abstention here.  Warrantech, 2001 WL 194903, at *3.

**3.**

Abstention under Wilton is particularly appropriate where the suit only presents issues of state, but not federal, law.  See, e.g., Cadle Co. v. Bankers Federal Sav. FSB, 929 F.Supp. 636, 639 (E.D.N.Y. 1996).  In this case, TIG's claim centers on the interpretation of the insurance contract between Fairchild and National Union, a quintessential matter of state law. "Indeed, district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law."  Philips Electronics, 2004 WL 193564, at *2.  Because this action raises only issues of state law, and does not implicate substantive federal law, this factor weighs heavily in favor of abstention in the present case.

**4.**

The plaintiff argues that this Court is more convenient and that it will be able to litigate its discrete issues in this action without becoming embroiled with the numerous other parties and issues in the Ohio Action.  However, any convenience for the plaintiff is substantially outweighed by the

9

inconvenience to the other parties who would have to litigate the same issues in both this action and the Ohio Action.

Moreover, the Ohio Action has already been underway for some time, and based on the Milacron phase of the Ohio Action, Judge Steven Martin is well acquainted with much of the evidence that will be relevant to a proper construction of the insurance contracts at issue both in this case and in the Third-Party Ohio Action.

**5.**

The one Wilton factor that ostensibly favors TIG here is that TIG filed the present claim before Fairchild added TIG as a third-party defendant in the Ohio Action. However, this priority in filing is mitigated by the fact that there was only a one-week gap between when TIG filed this action and when Fairchild added TIG to the Ohio Action.  Although the order in which claims are filed is a relevant factor, "there can be no mechanistic accrual of rights that attaches by reason of reaching the courthouse first, or indeed of engaging in a race at all." Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 443 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003); see also Fireman's Fund Ins. Co. v. Chris-Craft Industries, Inc., 932 F. Supp. 618, 620 n.3 (S.D.N.Y. 1996) (holding the fact that

10

the federal action was filed three days before the state action was not determinative).

In fact, as Fireman's Fund notes, in Wilton itself, in a situation similar to this case, the federal action was filed around a month before the concurrent state action, but the Court abstained from hearing the federal declaratory action. Fireman's Fund, 932 F.Supp. at 620 n. 3; see also Wilton, 515 U.S. at 279-80.  In this case, particularly where Fairchild contacted TIG regarding the Ohio Action in July 2007, two months before the present action was filed, and the other relevant factors weigh heavily in favor of abstention, the fact that TIG filed this action a week before Fairchild added TIG to the Ohio Action does not outweigh the strong reasons that call for abstention.

**6.**

One final factor to be considered under Wilton is whether the choice of law favors one forum over the other.  Philips Electronics, 2004 WL 193564, at *2.  However, the parties do not address, and so this Court need not address, which forum is better suited to deal with any choice of law issues that might be presented by the contracts being disputed in this case.

11

**7.**

Overall, the various individual factors that comprise the more fundamental Wilton question of whether the federal or state forum provides a more appropriate avenue of resolution, overwhelmingly favor abstaining in the present case and leaving the questions raised by the declaratory plaintiff to be resolved in the Ohio Action.  Proceeding with the plaintiff's declaratory judgment action would be just the sort of "vexatious" and "uneconomical" interference with a pending state court proceeding that Wilton and Brillhart seek to avoid.  Brillhart, 316 U.S. at 495, quoted in Wilton, 515 U.S. at 282; see also Warrantech, 2001 WL 194903, at *3.

**B.**

Having decided to abstain under Wilton, the Court must decide whether this action should be stayed or dismissed.  Wilton generally calls for staying, rather than dismissing, the declaratory judgment claim at issue, in order to preserve any of the plaintiff's claims that might not be resolved by the pending state proceeding.  Wilton, 515 U.S. at 288 n.2.  However, where "there is no risk that plaintiff's claims of non-coverage might become time-barred as they may be asserted in defense of any claims under the Policy[, then] dismissal rather than a stay is appropriate. . . ."  Warrantech Corp., 2001 WL 194903, at *3

12